Wheeiei;, J.
The suit was brought on a promissory note, on which were indorsed certain payments. It appears that at the time of tiie institution of ■tiie suit the amount of principal due upon the note exceeded one hundred dollars, and, consequently, it was not within the jurisdiction of the justice. It would seem, therefore, that when tiie want of jurisdiction was brought to'the attention of tiie court tiie motion to dismiss should have prevailed.
But it is insisted for tiie appellee that the appeal to this court should be dismissed for the want of jurisdiction in the court a quo, and we are referred to our opinions, in which it has been held that where the court from which the ■appeal was taken has not jurisdiction, the appellate court cannot acquire it by the appeal. This is true, in the sense in which that proposition was asserted and applied in the case referred to; that is, where the court in which suit was brought had not jurisdiction, another court, though entitled to take original .jurisdiction of the case, cannot acquire it by appeal for the purpose of an adjudication of the merits of the case. An appeal cannot confer on the appellate court a jurisdiction which the court a quo did not possess, (Baker v. Chisholm, 3 Tex. R., 158; 1 Id., 668 ;) that is, jurisdiction to hear and determine the case upon the merits. But the appellate court may entertain the appeal for the purpose of reversing the judgment of the court below, where it has exceeded its jurisdiction, and, without undertaking to adjudicate the merits of the ease, may render such judgment as the court below ought to have rendered; that is, ■to reverse and dismiss where the court has improperly taken jurisdiction, and where it has properly dismissed the ease for the want of jurisdiction to affirm the judgment. (Swigley v. Dickson, 2 Tex. R., 192, 196.)
It is further insisted for the appellee that it was his. privilege to remit so much of the interest upon the debt as to bring it within the jurisdiction of the justice. To this it is a sufficient answer, that if, at the time of instituting his suit, it was competent for the plaintiff thus to confer jurisdiction on the .justice, which is at least questionable, the remittitur came too late, after the case had been removed to the District Court.
We are of opinion that the court erred in overruling the motion to dismiss. The judgment must therefore be reversed, and the case dismissed from the justice’scourt.
Reversed and dismissed.
Note 38. — Tadlock v. The Texas Monumental Committee, 21 T., 166.