### JAMES H. CLARK v. JAMES C. BROWN.

JURISDICTION.—The jurisdiction of a justice of the peace is determinable, on a moneyed demand, by the amount of principal debt due when the suit is brought. (Const. of 1875, article 5, sec. 19; Acts of 1876, page 154.) If the amount actually due be less than two hundred dollars, however small the deficiency necessary to make the amount, the suit, if brought in the District Court, should have been transferred to a Justice's Court, under the laws in force.

APPEAL from Red River. Tried below before the Hon. Joseph Bledsoe.

This action was begun, in the District Court of Red River county, in March, 1874, and tried May 25, 1877. The defendant filed a general demurrer, which was overruled.

Less than two hundred dollars ($198.40) was due, of principal, when the suit was brought.

The assuming of jurisdiction by the court was assigned for error.

*Charles S. Todd*, for appellant.

ROBERTS, CHIEF JUSTICE.—Upon an accurate calculation, made in the legal manner, it is found that the last payment

credited on the note, and admitted in the petition, brings down the principal then due and unpaid on the note to an amount less than two hundred dollars.

The first payment was in excess of the then accrued interest, and reduced the principal to the sum of $206.71. The principal in the note could never get any larger, and by calculating the interest on that amount to the second, third, and fourth payments, and deducting each payment up to the time each payment is made, it will be found, that upon the deduction of the fourth payment from the principal and interest then accrued, thus ascertained, the principal was reduced to an amount below two hundred dollars, by twenty cents, as appellant estimates it, but by near one dollar or over, as we find it here.

This being a question of jurisdiction determinable by a particular amount in dollars and cents,—to wit, two hundred dollars,—the smallness of the deficiency in reaching that amount is immaterial, if it can certainly be ascertained by a proper calculation that an appreciable deficiency does actually exist.

This case should therefore have been transferred to the Justice's Court, under the Constitution and laws in existence and of force at the time it was tried in the District Court.

The judgment must therefore be reversed, and the cause remanded to the District Court, for its action, in accordance with this opinion.

REVERSED AND REMANDED.