But, should it be conceded that to protect the claimant in her title to this property against the lien acquired by the levy, it was necessary for her to prove that plaintiffs in execution at the time of the levy had notice of her title, we are of the opinion that such notice was proved. It was shown that at the time the levy was made the cattle were branded in the brand of the claimant, and that this brand had been duly recorded in the office of the clerk of the county court of the county in which the cattle were found. This record is provided for by law, (R. S., Art. 4556) and it is made the duty of the clerks of the county court to keep a book in which marks and brands shall be recorded, which record is subject to the examination of every citizen, (R. S., Art. 4560) and a recorded brand is evidence of ownership. (R. S., Art. 4561). That this record is notice of ownership is shown by Art. 4574, R. S., relating to estrays, which denies compensation to the taker up of an animal when such animal bears a mark and brand which has been duly recorded in the county. It is true that there is no express provision of the statute declaring that such record shall be notice of ownership, nor do we think that any such statutory enactment is required for that purpose. Upon general principles, whatever is required or permitted by law to be recorded is, when duly recorded, constructive notice of the matters contained therein. We hold, therefore, that the record of a mark and brand in the county where the stock is found to be, is constructive notice of title to the stock in the person in whose name the mark and brand is recorded. We find no error in the judgment of the court below, and it is affirmed.

---

### A. R. ODLE v. FROST, BARRY & LEE.

SUPREME COURT, AUSTIN TERM, 1883.

*Judgment—Collateral Attack of.*—Evidence upon which a court proceeded to render judgment cannot be inquired into in a collateral proceeding.

*Jurisdiction—Credit.*—The owner of a debt may admit a payment of it, either of principal or interest, which will prevent him from ever afterward claiming the amount credited.

*Sale—Inadequacy of Price.*—Where no fraud in making sale of land was shown, inadequacy of price is not sufficient to set the sale aside.

Appeal from Navarro County. Opinion by Willie, C. J.

This suit is a collateral attack upon a judgment rendered by a

justice of the peace. The principal allegations of the plaintiff's petition are to the effect that the judgment was rendered upon insufficient evidence and without jurisdiction of the subject matter of the suit, or of the person of. the defendant in the judgment. It is too clear for argument that the evidence upon which the court proceeded to render the judgment could not be inquired into in this action.

It was of no importance as to the jurisdiction of the justice when collaterally assailed, whether he gave judgment upon proof of the demand made by a certified copy from the records of a justice court in Tennessee, or upon other proof establishing the claim. If he admitted improper evidence it was the duty of the defendant to object to it when offered and he cannot obtain a new trial by questioning the title to land sold in execution of the judgment obtained in the suit. Haley v. Villeneuve, 11 Tex. 617. Hope v. Ally, Ib. 259.

Nor is there anything in the objection made to the jurisdiction of the court that the appellant was sued out of the precinct of his residence. He was duly served with process, and if he did not appear he waived the personal privilege of being sued where he lived, and the judgment against him, under the circumstances, was legal. As to the jurisdiction of the justice over the subject matter, the principal of the claim upon which the suit was brought was $199, within the justice's jurisdiction. It had been $200.09, but was reduced to the above amount by a credit of one dollar and nine cents, placed upon it just before the suit was brought. The only evidence that this was done for the purpose of giving the court jurisdiction was the fact that the credit was entered just before the claim was handed to the justice for suit, and the statement of appellant that he had not paid anything on the claim or authorized a credit upon it.

This latter might have been true and yet the payment made for him by another. But had the money never been paid by anyone it cannot be doubted that the owner of a debt may admit a payment of it, either of principal or interest, which will prevent him from ever after claiming the amount credited. Tooke v. Bonds, 29 Tex. 419.

Whether the creditor can by giving such credit bring the claim within the jurisdiction of the justice when it otherwise would not be, is not a question in the case—though it may be added that it has been decided in the affirmative in this State. Fuller v. Sparks, 39 Tex. 138.

The court having the undoubted right to take cognizance of a

claim reduced to $199 by a payment, the object of the plaintiff in giving the credit cannot be questioned collaterally,—the debt on its face appears to be within the justice's jurisdiction; no other court could take original cognizance of it. If the jurisdiction apparent on the face of the proceedings can be defeated for the improper means of obtaining it, it must be by a direct proceeding in the way of an appeal or to set aside the judgment as in case of judgments voidable and not void, and not in the collateral manner pursued by the appellant. Fleming v. Seeligson, 57 Tex. 524.

The inadequacy of the price for which the land sold was not sufficient to set aside the sale. No fraud in making the sale was shown, but the smallness of the price was caused by doubt as to appellant's title, he having previously sold the land to Goodnight. Allen v. Stephans, 18 Tex. 658.

As to the ruling of the court, admitting in evidence the deed from Kerr to Goodnight, it cannot be noticed because the bill of exceptions does not state the objections which were made to the admission of the instrument. Besides the court rendered judgment for appellees on the points we have discussed above, without taking the deed into consideration, and the evidence outside of the deed was sufficient to justify its decision.

The judgment is affirmed.

---

### J. C. LEAGUE, et al., v. MARY A. ROGAN, et al.

SUPREME COURT, AUSTIN TERM, 1883.

*Three years limitation—Patent.*—To deraign title under the three years statute of limitation, it is not necessary that the patent should carry with it the paramount title. It is sufficient that it be title as against the government, valid in itself when tested by itself, and not by the title of others.

*Color of Title—Patent—Forged Assignment.*—A patent issued in the name of an assignee, who holds the certificate upon which it issued, from one who held the same under a forged transfer, the patentee having no notice of such forgery, conveys to the patentee such title or color of title as will sustain the plea of three years limitation. Though the action of the commissioner upon the validity of the transfer of such certificate and in issuing the patent to a wrong person does not conclude prior rights of others, nor is the State thereby precluded from setting aside such patent; yet as to the patentee it is conclusive as to his rights. Citing Fisher v. Miller, 26 Tex. 242; Mitchell v. Bass, 26 Tex. 376.

*Patent—Forgery of assignment to certificate.*—When a patent is regular in form,