## J. I. CASE CO. v. LAUBHAN.
### No. 4095.

Court of Civil Appeals of Texas. Amarillo.
Nov. 15, 1933.

Reeder & Reeder, of Amarillo, for appellant.

E. C. Gray, of Higgins, for appellee.

MARTIN, Justice.

On May 6, 1932, appellant brought suit in county court against appellee on the following guaranty contract: "For value received, I guarantee payment of the within note and waive presentment, demand, protest, and notice of non-payment and all defenses of want of diligence in collection and bringing suit and consent to any change of securities, and that said note may be renewed or extended from time to time, at an increased rate of interest, without notice to me, and hereby waive all rights to any mortgage security held for the payment of said note until all the indebtedness secured by such mortgage is fully paid."

The note therein mentioned is set out in appellant's petition and is in words and figures as follows:

"$625.00 Shattuck, Oklahoma, June 14, 1927.

"On or before the 15th day of July, 1928, I promise to pay to J. I. Case Threshing Machine Company, (incorporated) or bearer, Six Hundred Twenty Five and no/100 Dollars, at the J. I. Case Threshing Machine Company's office, Racine, Wis., for value received, with interest from date until maturity at eight per cent per annum, payable annually, and from maturity until paid at ten per cent per annum, and with an attorney's fee of ten per cent, of the amount unpaid in case payment shall not be made at maturity and this note is placed in the hands of an attorney for collection. Upon default for thirty days in the payment of interest the whole shall become due. Each maker and endorser hereof waives present for payment, protest and notice of dishonor, and consent that time of payment may be extended without notice. This note arises out of the purchase from the payee of goods to be used for agricultural purposes.

"[Signed] August H. Riffel.
"Post Office: Shattuck, Oklahoma. No. 42865."

Appellant's petition showed that the said note bore the following credits:

| | |
|---|---|
| " 7–17–29 | $350.00 |
| 12–5–30 | 53.66 |
| 12–22–30 | 66.31 |
| 8–26–31 | .85 |
| 8–31–31 | 21.68 |
| 10–20–31 | 1.83." |

To this appellee filed a plea to the jurisdiction of the county court, alleging, in substance, that the amount in controversy was below the jurisdiction of said court. Appellee arrived at this conclusion by adding together all of the partial payments above and subtracting the total of these from the principal of said note, which left a balance of $130.67. The court sustained said plea and dismissed appellant's cause of action, from which it appealed.

The real point at issue between the parties here is the proper and legal method of computation to be used in determining the amount in controversy.

It is, of course, true, as contended by appellee, that in determining the amount in controversy for jurisdictional purposes, all interest must be excluded. This because its exclusion is required by article 5, § 16, of the state Constitution, appearing in the Revised Statutes as articles 1949 and 1950. In computing the amount due on the note in question when suit was instituted thereon, excluding all interest, the final sum must exceed $200 and not exceed $1,000 to give the county court of Lipscomb county jurisdiction. Id. That which is in fact interest cannot be made principal by merely calling it such. Allen v. Wright (Tex. Civ. App.) 291 S. W. 644. See, also, Wilson v. Ware (Tex. Civ. App.) 166 S. W. 705.

■ There are certain universally recognized rules and principles of law which control the disposition of the question presented, to which we now advert. More than a century ago Chancellor Kent in the case of State of Connecticut v. Jackson, 1 Johns. Ch. (N. Y.) 13, 7 Am. Dec. 471, laid down the following rule: "The rule for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due." See, also, 33 C. J. 250, § 168, and authorities there cited; Tooke v. Bonds, 29 Tex. 428.

■ In the early case of Hampton v. Dean, 4 Tex. 455, it is said: "That a payment upon the note, in the absence of proof of an intention to make a different application of it, must be first applied to the extinguishment of the interest, is an elementary principle."

See, also, 48 C. J. 662, announcing the same

rule and citing numerous authorities. Where no interest had accrued, the above rule has no application. Odle v. Frost, 59 Tex. 685.

■ Again, in the absence of application of payments by the parties themselves, the law applies them to the oldest item then due. Sullivan v. City of Galveston (Tex. Com. App.) 34 S.W.(2d) 808; State v. Pocahontas State Bank, 184 Ark. 442, 42 S.W.(2d) 546, 78 A. L. R. 377; First National Bank v. Rush (Tex. Civ. App.) 227 S. W. 378; Guthrie v. State ex rel., 67 Ind. 630, 119 N. E. 518; Detroit Fidelity & Surety Co. v. Moberly (Tex. Civ. App.) 52 S.W.(2d) 298.

■ Applying here these principles, it will be observed that the original note was for $625, interest payable annually; that the annual interest was due June 14, 1928, and the principal July 15, 1928; that a partial payment of $350 thereon was made July 17, 1929. There is no contention that such partial payment was applied or intended to be applied in any special way or to any particular item then due. The law, therefore, will apply it first to the payment of interest then due, the balance, if any, to apply on the principal. Such amount discharged all interest then due and reduced the principal to the sum of $392 in round numbers. It is not necessary to carry the calculation further, because if all subsequent payments were credited on the principal, its amount at the institution of appellant's suit would still be in excess of $200.

The method of computation insisted on by appellee would, it seems, change the legal effect of the contract between the parties. Tooke v. Bonds, supra. At any rate such method, under the facts of this case, is at variance with the rule above announced, now too well and too long established to admit of doubt as to its correctness.

The judgment is reversed and cause remanded.