MITCHELL *v.* DUNCAN.

4-3777

Opinion delivered March 18, 1935.

*E. A. Williams,* for appellant.
*Edward Gordon,* for appellees.

SMITH, J. On September 8, 1927, appellee, Mrs. F. R. Duncan, purchased certain household and kitchen furniture from appellant, E. E. Mitchell, doing business as E. E. Mitchell & Company, amounting to $274.26, and executed her note payable to appellant for that sum. Three payments were indorsed upon the note, the last under date of September 27, 1929. This suit was begun August 2, 1933, therefore there is no question of limitations in the case.

It is not insisted that more than three payments were made; but it is insisted that a $70 payment was made, for which a credit of only fifty dollars was indorsed on the note. Appellant demanded payment or the return of the furniture, the title to which had been reserved in the purchase-money note, which described the furniture.

The following statement was written into the face of the note: "Sept. 27/30. By agreement the balance on this note with interest to date is one hundred and ninety dollars ($190)." This was signed by Mrs. Duncan and by Mrs. B. G. White, her mother.

Suit was brought to enforce collection of the note thus indorsed, and the two defenses were interposed (a) that the note was usurious and void for that reason, and (b) that the signatures of both Mrs. Duncan and Mrs. White were obtained under duress. Both these questions were submitted to the jury, and a verdict was returned in defendant's favor, and from the judgment rendered thereon is this appeal.

We think there was no testimony warranting the submission of the question of usury to the jury. Before the institution of the suit, appellant had sent appellees a statement showing the balance due on the note, less the credits indorsed thereon to the date of its renewal. The statement showed also the alleged balance due on renewal note with interest compounded at ten per cent. In the first statement, that of the balance due on the date of renewal, the interest was computed as provided by § 7358, Crawford & Moses' Digest, that is, interest was computed from the date of the note to the date of the first payment, and was added to the principal, from which sum the payment was deducted, it being in excess of the interest, and the interest to the dates of the other payments was calculated in the same manner, the payments in each instance being in excess of the interest. There does not appear to have been any error in this calculation against the makers of the note. On the contrary, a correct calculation of this interest shows appellant entitled on September 26, 1930, the date of the renewal, to 8 cents more than he had calculated. Of course, if one of the credits should have been for $70, as Mrs. Duncan testified, then there was an error because of that fact. But, even so, this would not constitute usury, for, as has been frequently said, to constitute usury there must be an agreement requiring the borrower to pay and entitling the lender to receive a higher rate of interest than that allowed by statute for

the loan or forbearance of money. *Starling* v. *Hamner,* 185 Ark. 930, 50 S. W. (2d) 612.

So also with the calculation of the interest after the renewal of the note which had been compounded annually. There was no authority to compound the interest; neither was there any agreement to pay compound interest. A wrongful demand for excessive interest would not constitute usury where there had been no agreement to pay it. *Lesser-Goldman Cotton Co.* v. *Merchants' & Planters' Bank,* 182 Ark. 150, 30 S. W. (2d) 215. However, appellant did not sue for this excessive interest. The suit was brought, not upon the statement of the debt, but upon the note itself. For these reasons it was error to submit the question of usury to the jury.

There was, however, sufficient testimony to warrant the submission of the question of duress. Mrs. White, who, prior to signing the renewal note, was not obligated or bound for any part of the debt due appellant, testified that Mr. Mitchell threatened to send her daughter to the penitentiary for removing the property from the county in which it was sold without his permission and without paying for it, unless she would sign with her daughter the renewal of the obligation to pay the sum of $190. There was testimony to the effect that Mrs. Duncan advised her mother that she did not owe a balance of as much as $190, but the renewal promise to pay the note which recited this to be the balance due was signed to avert the threatened prosecution. If true, this promise to pay was void, for, as was said in the case of *Beal & Doyle Dry Goods Co.* v. *Barton,* 80 Ark. 332, 97 S. W. 58: "A note or agreement where the consideration is the prevention or dismissal of a prosecution is void, even though the amount represents a debt due the payee."

But, if this renewed promise to pay was obtained through duress, this would not relieve Mrs. Duncan from her original liability as maker of the note, the consideration for which is not questioned.

The judgment must therefore be reversed, and the cause will be remanded, with directions to submit only the question of duress, and, if that defense is established, to then find and adjudge the amount due on the original

note as signed by Mrs. Duncan alone, and to render judgment accordingly.