### BOHANNAN et ux. v. FIRST NAT. BANK IN DALLAS et al.

### No. 1481.

Court of Civil Appeals of Texas. Eastland.

June 28, 1935.

Rehearing Denied Sept. 20, 1935.

990

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellants.

Thompson, Knight, Baker & Harris, Coke & Coke, and John F. Murphy, all of Dallas, for appellees.

GRISSOM, Justice.

Appellants, W. T. Bohannan and wife, Ora Bohannan, brought this suit in the 101st judicial district court of Dallas county, against First National Bank in Dallas, and the Federal Mortgage Company, and others, alleging, so far as is necessary to be shown here, that appellants borrowed from the Federal Mortgage Company $2,350 and executed two notes, payable to the order of Federal Mortgage Company, one in the principal amount of $2,350, and the other for $460, principal and interest to be repaid in 120 monthly installments to be credited on the $2,350 note, and $18.40 on the $460 note, and all the payments subsequent to the 25th installment to be credited on the $2,350 note. Appellants executed a deed of trust to secure the payment of said notes. Appellants alleged that the loan contract was usurious because appellants executed notes in the aggregate principal amount of $2,810, when only $2,350 was borrowed, and that in consequence thereof defendants below, by the terms of said two notes and deed of trust, were enabled to, and did, collect and receive during the first 25 months of the contract, interest at the rate of 15.4 per cent. per annum, and because such amounts so collected were applied as interest on said loan. Appellants sought to have the loan declared usurious, the provisions for interest canceled, the cloud cast upon the title of the property described in the deed of trust removed, and all sums paid by them credited on the principal, leaving a balance of $333.36 owing to appellants after payment of the principal of said notes, for which sum they ask judgment against the many defendants, jointly and severally. No penalty for the collection of usurious interest was asked.

It will not be necessary to set out in detail the pleadings of the various defendants below, except to mention that each of them answered by general denial, and that appellee First National Bank in Dallas pleaded specially that the execution of the instruments alleged by appellants to show a usurious contract merely evidenced an agreement by which appellants obligated themselves to pay the loan of $2,350 with interest thereon as agreed in 120 monthly installments of $30.15 each. Each installment represented a part of the borrowed principal with interest on unpaid monthly balances at a rate which does not exceed the maximum provided by law. In the alternative, appellee alleged that the notes taken in connection with the deed of trust constituted one contract, by the terms of which appellants agreed to return the borrowed $2,350 and interest thereon by paying 120 monthly installments of $30.15 each, each installment including both principal and interest, and that nei-

ther in the life of the loan, nor otherwise, could interest in excess of 10 per cent. be, nor had it been, collected. Appellees prayed that appellants take nothing, and that the notes and deed of trust be adjudged a valid contract.

Appellants proved the loan of $2,350 to them by the Federal Mortgage Company, and the execution of the two notes and deed of trust; that the debt and interest evidenced thereby was payable in 120 monthly installments of $30.15 each; that appellants had paid 89 payments of $30.15 each, aggregating slightly more than $2,683. No proof is shown as to whom the payments were made, nor the dates of the payments, nor the manner of the application of such payments by any of the defendants. There was no evidence as to any agreement as to the rate of interest the loan was to bear, except as same was shown by a mathematical calculation based on the provisions of the notes and deed of trust. Nor was there any allegation by appellants as to any agreed rate of interest at the time the contract was executed. It is undisputed that the sum of money actually borrowed by appellants from the Federal Mortgage Company was $2,350.

A jury was waived, and the case submitted to the court. Judgment was rendered against appellants and in favor of the appellees. The court found that the contract was not usurious, and that appellants did not pay usurious interest. Appellants filed a motion for new trial, and evidence was heard thereon. The court overruled the motion for new trial, and appellants duly perfected their appeal.

■ Each of the notes provides that in the event of accelerated maturity or prepayment, appellants would pay "* * * in satisfaction of the loan and interest a sum equal to the principal of the loan made, and also interest thereon computed at the rate of 10 per cent. per annum with the interest payable in monthly installments, and interest at 10 per cent. per annum on any interest matured and in default * * * less any payment made credited as of the date of such payment * * * and we shall not be called upon to pay as principal and interest of the loan any greater sum." This provision is substantially repeated in the deed of trust. Other provisions of the contract show it was the intention of the parties to collect only accrued interest. We do not think this conclusion conflicts with that in Both-

well v. F. & M. State Bank & Trust Co., 120 Tex. 1, 30 S.W.(2d) 289, 76 A. L. R. 1480. Appellants were not obligated by the contract in the event of default to pay interest on interest required to be paid in advance.

It is plainly evident that there is nothing in the accelerating clauses of either note, or in the deed of trust in connection therewith, that could make the contract usurious.

The question to be determined is whether or not the notes and deed of trust are on their face usurious as a matter of law. Whether or not the contract is usurious is a problem in mathematics as well as law. The contract provides for payment of the notes for $2,350 and $460 in 120 monthly installments of $30.15 each, out of which last amount $11.75 of each payment was to be applied on the note for $2,350 and $18.40 was to be applied in payment of the note for $460 for the first 25 payments. Thereafter for 95 months each payment of $30.15 was to be applied entirely to the payment of the $2,350 note. No rate of interest is specified. No statement is made as to the amount of interest, or principal, included in either of the notes, or the amount of principal or interest included in any payment provided for. Appellants contend that a proper construction of the contract requires the application of the total payments made during the first 25 months of the contract. That is, $361.80 for each of the first and second years, and $30.15 for the 25th month, solely to interest, which interpretation would authorize the collection of $126.80 interest for the first year in excess of 10 per cent., with a like result for the second year, and with the authority to collect under the contract $10.66 more than 10 per cent. interest for the 25th month. In the alternative, appellants contend that out of the monthly payments $18.40 should be applied to interest alone, and $11.75 to the principal, which would result in authority to collect $7.71 less than 10 per cent. interest during the first year, $6.36 in excess of the legal rate for the second year, and $1.16 excessive interest for the 25th month.

If either of appellants' theories be correct, the contract is usurious. The question is: Is either of the above-suggested interpretations of the contract either necessary or unavoidable? Is the contract reasonably susceptible of any other construction when effect is given to all the

terms and provisions of said instrument? San Antonio Real Estate B. & L. Ass'n v. Stewart, 94 Tex. 441, 61 S. W. 386, 86 Am. St. Rep. 864; Marble Savings Bank v. Davis (Tex. Com. App.) 80 S.W.(2d) 298; 10 Tex. Jur. p. 286.

■ It is unquestionably the law, which is conceded by appellees, that if this contract requires appellants to pay interest at a rate in excess of 10 per cent. per annum on the money borrowed, the contract is usurious; that if, under the terms of the two notes and deed of trust, fairly construed, and giving effect to all the terms thereof, appellees can, under any authority given by the contract, exact interest at a rate in excess of 10 per cent. per annum for the use, forbearance, or detention of money, the contract is usurious.

■ Appellee, First National Bank in Dallas, makes the following statement in its brief: "That if $2350 is loaned and borrower agrees to pay it back, with interest, in 120 monthly installments of $30.15, and if interest is computed at 9.3 per cent on monthly unpaid balances, and each installment is applied first against such accrued interest and next against principal so as to make a new principal balance for each ensuing month, the 120 monthly installments of $30.15 will pay the principal and the interest so computed at such rate."

In connection with the statement above quoted, appellee presents a mathematical calculation showing a liquidation of the loan of $2,350 in 120 monthly installments of $30.15 each, with interest computed monthly at the rate of 9.3 per cent. per annum upon the reducing balance of the loan. The statement is so lengthy that it would be impractical to copy it in this opinion, but we deem it sufficient to say that it appears to be mathematically correct, and sustains the appellees' statement. The rate of interest that gives effect to all the terms of the contract being 9.3 per cent., it is immaterial that no rate of interest is expressly stated in the contract. Braniff Investment Co. v. Robertson (Tex. Com. App.) 81 S.W.(2d) 45.

■■ Appellants complain of the action of the court in overruling their motion for a new trial. One of the grounds relied upon in the motion was what is alleged to be newly discovered evidence. The alleged newly discovered evidence was a statement from the appellee bank showing its statement as to the amount of the unpaid balance. Mr. Bohannan testified that he had the statement, that it was misplaced, that he had made a search for it, and could not find it, that he found it several days after the trial in his office. He had been unable to find it prior to the trial, and had made no effort to obtain a copy of it from such bank. The statement does not appear in the testimony offered on the motion for new trial. The desired evidence not appearing in the record, we are unable to place any valuation thereon. The appellants, if they desired to introduce the evidence, should not have announced ready for trial, but should have requested a continuance in order to obtain this, or similar evidence, if they considered it beneficial to their cause. The record is indefinite in some respects as to when such statement was misplaced by Mr. Bohannan. If this occurred during the trial of the case, it was his duty to apprise the trial court of the situation and ask leave of the court to withdraw his announcement of ready for trial, and present a motion for continuance. We are of the opinion that appellants were entirely lacking in diligence in an attempt to produce the statement upon the trial, or protect themselves from injuries that might result in their failure to so produce it. 31 Tex. Jur. p. 102, § 90. Upon the motion for new trial, appellants introduced the testimony of an attorney and expert accountant as to his calculations of interest under the contract. No sufficient reason is given for the failure to produce such evidence on the trial of the case. We are of the opinion that the trial court did not abuse its discretion in overruling appellants' motion for a new trial.

There being no question as to the provisions of the acceleration clauses in the notes constituting a usurious contract, and it being apparent that the rate of interest applied was less than the maximum permitted by law, it necessarily results that the contract is not usurious, and no reversible error appearing, we are of the opinion that the judgment of the trial court should be, and it is hereby, affirmed.