AGNES C. DAVIS v. FEDERAL MORTGAGE COMPANY ET AL.

No. 7234.   Decided January 12, 1938.
Rehearing overruled February 9, 1938.
(111 S. W., (2d) Series, 1066.)

*Lyle Saxon* and *J. E. Burkholder*, both of Dallas, for plaintiff in error.

*George T. Burgess, John F. Murphy,* and *Thompson, Knight, Baker & Harris,* all of Dallas, for defendants in error.

*Robert M. Vaughn, M. M. Crane,* and *M. M. Crane, Jr.,* all of Dallas, filed briefs as amici curiae.

MR. JUDGE MARTIN of the Commission of Appeals delivered the opinion for the Court.

This is a usury case. The precise contract before us has already been the subject of opinions by three different Courts of Civil Appeals. See Bohannan v. First National Bank, 85 S. W. (2d) 989; Federal Mortgage Co. et al. v. Hawkins, 95 S. W. (2d) 744, and Federal Mortgage Co. et al. v. Davis, 100 S. W. (2d) 717. It is our opinion that the Dallas Court of Civil Appeals in the present case correctly held the contract untainted by usury. (Federal Mortgage Co. v. Davis, supra.) To here restate and rediscuss a question already plainly and correctly decided would be to burden the bench and bar with a wholly unnecessary opinion.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 12, 1938.

Rehearing overruled February 9, 1938.

---

For the convenience of the Bar, the opinion of the Court of Civil Appeals, by MR. JUSTICE LOONEY, is here inserted as follows:

Appellee, Agnes C. Davis, brought this suit against appellants—Federal Mortgage Company, Equitable Trust Company, Guilford Mortgage Company, E. T. Moore, Trustee, and Frank C. Slay—to have adjudged as usurious a loan contract entered into August 8, 1926, between her and Federal Mortgage Company (Slay being the record owner of the unpaid balance of the note) and to have credited against the principal the amount paid on the loan, and judgment for the excess against appellants, and that the deed of trust lien upon the real estate described in her petition be cancelled, and removed as a cloud upon her title, alleging in substance that, under the terms and provisions of the loan contract, she was required to pay and did pay, during the first 25 months of the life of the loan, interest in excess of ten per cent. per annum.

Appellee also alleged that she was induced to enter into the contract by fraudulent representations of the mortgage company, to the effect that the money was being loaned to her at a rate of interest between five and six per cent. per annum, and based upon the issue of fraud thus presented she prayed for alternative relief; however, as the issue of fraud was neither submitted by the court, nor its submission requested by appellee, the same was waived and will not be given further consideration.

In addition to an answer denying that the loan contract was usurious, defendant Slay filed a cross action against appellee, seeking judgment for the balance due upon the loan contract, attorney's fee and foreclosure of the trust deed lien upon the land, and, in the alternative, sought judgment for the amount due, and foreclosure under the doctrine of estoppel; and again, in the alternative, sought judgment, with foreclosure, for the amount of the two original notes taken up and extended by the loan in question; and in a cross action against his codefendants (the other appellants) except the trustee, sought judgment over against them for the amount paid by him to the Guilford Mortgage Company for the contract, in the event the contract should be held usurious.

In addition to a general denial, the other appellants specially plead the terms and provisions of the loan contract, hereinafter more fully set out, insisting that, in all respects, the contract was legal and valid; and, answering the cross action of their codefendant Slay, alleged among other things, that the transfer of the loan contract (indebtedness and lien) by the Guilford Mortgage Company to him, expressly provided that the same was without recourse, either in law or in equity, hence they were not liable on his cross action. In view of the disposition which we feel constrained to make of the case, it will not be necessary to give further notice to the issues arising on the cross action of Slay as against his codefendants.

The cause was tried to a jury, and at the conclusion of the evidence, each party requested a favorable peremptory instruction; which being denied, the case was submitted to a jury on four special issues and, after verdict, appellee filed a motion for judgment and appellants filed motions for judgment non obstante veredicto, appellant Slay praying that, in the event the motions for judgment non obstante veredicto were overruled and judgment rendered against him in favor of appellee, that he have judgment for same amount over against his codefendants. The court overruled motions by appellants for judgment non obstante veredicto, sustained the motion of ap-

pellee, and rendered judgment in her favor against all defendants, except the trustee, for the sum of $3,852.94 (being the total amount paid by appellee on the loan contract), directed that same be used to pay off and cancel the first lien note of $3,300.00, also the second lien note of $646.00 described in the trust deed securing same, that said notes and the trust deed lien be cancelled, and removed as a cloud from appellee's title to the real estate involved, and that she recover against all defendants (appellants) except the trustee the further sum of $552.94, with interest at six per cent. per annum, being the amount paid in excess of $3,300, principal of the loan, and that Slay take nothing on his cross action as against appellee. We do not deem it necessary to notice the provisions of the judgment in other respects.

In separate assignments of error, appellants complain of the action of the court in refusing, at the conclusion of the evidence, to direct a verdict in their favor; and also erred in denying their motions for judgment non obstante veredicto. These assignments present the decisive questions for consideration.

The material facts are these: On October 8, 1926, there existed against the real estate involved in the suit, two lien notes aggregating $3,300, bearing eight per cent. interest per annum, which appellee was desirous of having the Federal Mortgage Company take up, renew and extend, and to that end, she made application to said company for a loan of $3,300.00, which, in so far as material, reads: "I hereby apply to the Federal Mortgage Company, of Dallas, Texas, for a loan of $3,300.00, which, including the interest therein, I agree to repay in installments as follows: '120 monthly installments of $42.34 each and one last installment of $——, to be evidence by first and second lien contracts, to be secured by trust deed on the real estate hereinafter described, under forms which have been approved and accepted by me, which forms are here referred to and made a part hereof.' "

The application for the loan was granted and appellee executed to the Federal Mortgage Company two notes evidencing same; the first, in so far as material, reads: "For value received, without grace, I promise to pay to the order of Federal Mortgage Company at its office in Dallas, Texas, the principal sum of Thirty-three Hundred and no/100 Dollars, together with interest thereon as agreed, such principal and interest to be paid in 120 monthly installments of Forty-two and 34/100 Dollars each, the first installment of which shall fall due on the

first day of November next hereafter, and another of which shall fall due on the first day of each succeeding month thereafter until all of said installments be fully paid. Out of each of the first maturing 25 of said installments, the sum of $16.50 shall be credited hereon and 95 next maturing installments for $42.34 each shall be credited hereon. The payment of all of said installments by the payment of each thereof on its due date, without default and without pre-payment, shall be payment in full of the loan and the interest thereon * * *. This note is secured by a first lien under a deed of trust of even date herewith, to Edward T. Moore, as trustee, on the following property, to-wit: 'In connection with this note, and representing a part of the total amount to be paid on this loan, and interest, there is this date executed between the parties hereto a second and inferior obligation for the sum of $646.00 payable in monthly amounts of $25.84 each, as therein specified.' "

The second lien note, in so far as deemed material, reads: "For value received, without grace, I promise to pay to the order of Federal Mortgage Company at its office in Dallas, Texas, the sum of Six Hundred Forty-six and no/100 Dollars in gold coin of the United States of the present standard weight and fineness, at the times and in the amounts as follows: 'Out of each of the first 25 maturing monthly installments · hereinbelow described, the sum of Twenty-five and 84/100 Dollars, until the total sum hereof be fully paid * * * . This obligation is secured as a second lien by a deed of trust of even date herewith, to Edward T. Moore, as trustee, on the following property, viz.: * * * This obligation is given to evidence in part my promise to repay a loan of $3,300.00 with interest thereon in 120 monthly installments, which monthly installments to be paid are 120 installments of $42.34 each; the application of part of such monthly undertaking is evidenced by obligation constituting a first and preferred lien; the application of the balance of such obligation is evidenced hereby, and is a second and inferior lien—each application and said obligation being secured by the trust deed above mentioned. Out of each of the first 25 of said installments there shall be applied on the first obligation the sum of $16.50 per month, and on the second obligation the sum of $25.84 per month, and all the remaining installments shall be applied entirely on said first lien obligation.' "

Each note contains a provision for accelerating maturities and for prepayment, and in either event appellee obligated herself as follows: " * * * I shall pay, in satisfaction of the loan and interest, a sum equal to the principal of the loan made, and also interest thereon computed at the rate of ten per cent

per annum, with the interest payable in monthly installments, and interest at ten per cent per annum on any interest matured and in default—less any payments made credited as of the date of such payments—and I shall not be called upon to pay, as principal and interest on the loan, any greater sum. It is expressly agreed that if this note be placed in the hands of an attorney for collection, or if collected by any proceeding in court, I will pay as attorney's fees a sum equal to ten per cent of the entire amount then unpaid due thereon."

The deed of trust created by appellee, securing the notes contains the following provisions: "This conveyance is intended, however, as a trust for better securing the payment of a loan this day made by Federal Mortgage Company, of Dallas, Texas, to Agnes C. Davis in the principal sum of $3,300.00 which said loan, with the interest thereon to become due as agreed, said Agnes C. Davis has contracted and agreed to pay in 120 monthly installments of $42.34 each, the first installment of which shall fall due on the first day of November next hereafter, and another of which shall fall due on the first day of each succeeding month thereafter until all of said installments be fully paid. Said payments evidenced by two written obligations, of even date hereof, one a first and superior obligation, a note of $3,300.00, and interest thereon, which provides that out of each of the first maturing 25 monthly installments as paid the sum of $16.50 shall be credited thereon, and all of the last maturing 95 of said monthly installments, as paid, shall be credited thereon, the foregoing obligation constituting a first and preferred lien, the other obligation calling for the payment of $25.84 per month out of each of said 25 installments first maturing, as paid, said obligation, if carried out, calling for an aggregate payment of $646.00 and being a second and inferior lien to the note above mentioned; each obligation provides for interest on any matured and unpaid amounts owing at the rate of ten per cent per annum, such interest to be due and payable pro rata monthly, and providing that in no event shall the borrower be charged or pay a greater sum than the principal of the loan, with such ten per cent per annum interest so payable pro rata in installments monthly; each of said obligations providing for accelerated maturity and for optional pre-payment of the loan and interest accrued thereon in case of default of any payment for as much as 20 days, and each obligation providing for the payment of ten per cent as attorney's fees in the event of default and maturity and collection by suit or by attorney * * *."

We think it obvious that the payment of the 120 monthly installments, as stipulated, would have liquidated the principal of the loan and interest at the rate of 9.3 per cent. per annum, if when paid each installment were applied first to interest then accrued and the balance to principal. The evident theory on which appellee launched her suit is, that the loan contract was usurious, in that, the second lien note for $646 was all interest, and that the credit of $16.50 per month, to be applied to the first lien note, was also interest, thus enabling appellants to collect as interest, during the first 25 months of the life of the loan, a sum aggregating $1,058.50, being approximately 15.4 per cent. per annum.

Challenging the correctness of appellee's theory, appellants insist that the loan contract—that is, the application, the first and second lien notes and the deed of trust—was not usurious, in that, appellee was only required to pay monthly installments of $42.34 each for 120 months, as and when due, in liquidation of both principal and interest of the loan; and that, if carried out to the end of the term, appellee would simply repay the principal and interest thereon at the rate of 9.3 per cent. per annum; or if the contract should not be carried out to the end, that is if the maturity should be accelerated or the loan prepaid, in either event, appellee would be required to pay the principal with interest at the rate of ten per cent. per annum, less payments theretofore made and credited as of the date of the payment; and that, under no provision or contingency of the contract, could appellee have been required to pay interest in excess of ten per cent. per annum during any period of the life of the loan.

We think it perfectly plain that, if the indebtedness had been evidenced by one note, instead of two, payable in the identical installments, such a contract could not be considered usurious. The plan of amortization adopted, in substance and legal effect, is precisely the same, which if carried out, would extinguish the debt, principal and interest at 9.3 per cent. per annum in 120 months. Necessarily, each installment comprised part principal and the accrued interest, the proportion of principal increasing, and the proportion of interest decreasing with each succeeding payment, yet the amount of the installments, and the rate of interest remained the same throughout.

Appellee assumed that each of the first 25 installments paid was interest, and that each of the remaining 95 installments in some unnamed proportion, represented both principal and interest, and upon the correctness of that assump-

tion her case was builded. We do not think that assumption warranted under any reasonable construction of the contract; in fact, fairly construed, the contract manifests an intention on the part of the lender to avoid the collection of usurious interest. But, if the contract is susceptible of the construction contended for by appellee, we think, unquestionably, it is also susceptible of the construction that, the two notes, construed as a single instrument, comprised both principal and interest, that each monthly installment also comprised both principal and interest, and that payment of the 120 monthly installments, as provided, would liquidate the loan, principal and interest at the rate of 9.3 per cent. per annum. Under the latter construction, the validity of the contract would be sustained, hence should be adopted by us.

A unlawful intent will not be imputed where a lawful one may just as consistently be imputed. To constitute usury, there must exist an agreement requiring the borrower to pay, and entitling the lender to receive, a higher rate of interest than that allowed by statute for the loan or forbearance. Starling v. Hamner, 185 Ark. 930, 50 S. W. (2d) 612. Making a loan with intent to take a rate of interest in excess of the statutory rate is an essential element of usury (Lorber v. Marshall, 124 Ore. 272, 264 Pac. 438), and, where the contract is fair on its face, as we think the one under consideration is, an intention to take unlawful interest must clearly appear (Barnhardt v. Richardson, 134 Okla. 19, 272 Pac. 418, 419). A rule of universal application is that, where a contract is capable of two interpretations, one rendering it void and the other valid, the latter will always be adopted. Texas Emp., etc., v. Tabor, (Tex. Com. App.) 283 S. W. 779; City of Memphis v. Browder, (Tex. Com. App.) 12 S. W. (2d) 160, 161; 6 R. C. L. p. 839, Sec. 229. Gleaned from authorities throughout the country, the general rule is stated in 6 R. C. L. 839, as follows: "If a contract is of doubtful meaning, and one construction would make it legal and another illegal, the courts will adopt that construction which will not impute to the parties an intention to violate the law. Presumptions of the law are in favor of the good faith of all parties to a business transaction, and if the language of a contract is fairly susceptible of a construction or explanation which renders it valid and enforceable, according to its terms, such construction will be adopted in preference to one which brands it with illegality, and makes it possible for one to repudiate the performance of his promise while demanding full payment of the consideration to be given therefor." Also see the same doctrine announced

in the following recent cases: Bankers Life v. Miller, 68 S. W. (2d) 574, 575; Marble Sav. Bank v. Davis, 124 Texas 560, 80 (2d) 298, 299; Walker v. Temple Trust Co., 124 Texas 575, 80 S. W. (2d) 935, 936.

Usury does not exist unless the contract, however evidenced and without regard to the loan plan set-up, yields, or by its terms is capable of yielding, interest at a greater rate than ten per cent. per annum for the use of money, and the vice of usury, if it exists at all, must be present in the contract at its inception, and is not imported by the after-conduct of the creditor, although in disregard of the loan plan adopted. Shive v. Braniff Inv. Co., 68 S. W. (2d) 564 (writ refused); Continental, etc., Assn. v. Wood, 33 S. W. (2d) 770; Baldwin v. Motor Co., 89 S. W. (2d) 1076; Mitchell v. Duncan, 79 S. W. (2d) 997.

The identical contract under consideration, that is the same plan adopted and forms used, reached our appellate courts in two recent cases. In Bohannan v. First Natl. Bank, 85 S. W. (2d) 989 (application for writ dismissed) the Eastland Court of Civil Appeals in an opinion by Judge GRISSOM, said: " * * * it being apparent that the rate of interest applied was less than the maximum permitted by law, it necessarily results that the contract is not usurious * * *," but, in Federal Mortgage Co. v. Hawkins, 95 S. W. (2d) 744, the Fort Worth Court of Civil Appeals held the contract usurious; however, on October 7th just past, the Supreme Court granted a writ in this case, with this notation: "Granted: We are inclined to the view that the contract was not usurious." The case of Braniff v. Robertson, 124 Texas 524, 81 S. W. (2d) 45, 100 A. L. R. 1421, presented a very similar set-up, in fact presented more indicia of illegality than the contract under consideration, but was held valid by the Supreme Court in an opinion by Judge TAYLOR.

A loan contract can not be considered a scheme, device or subterfuge set up for the purpose of collecting usurious interest, unless the borrower is required, or in a named contingency may be required, to pay more than ten per cent. per annum for the use of money borrowed; and as we hold that, under no provision of the contract here involved, could appellee have been required to pay usurious interest, that the after-conduct of the mortgage company—that is, in regard to its tax renditions, in statements made and in its method of bookkeeping, tending to show that the first 25 installments paid on the loan were regarded and treated as interest—can

not be given the effect of transforming a legal into an illegal contract, because illegality (usury) if it exists at all in a contract, must be inherent from its inception.

The record discloses that the reason for the loan plan adopted by the Federal Mortgage Company—that is, in requiring the execution of two notes, one secured by a first lien and the other by a second lien—was to enable the company to pledge the first lien to a trustee, as security for a bond issue. But this did not in any manner affect the rights of appellee as she was not required under any provision or contingency to pay, nor did she pay, more than 9.3 per cent. interest on the loan during any period of its life. The fact that the mortgage company was enabled, through the method of financing adopted, to secure the use of the $646.00 paid during the first 25 months of the term of the loan, affected no right of appellee, nor did it increase her burden, but simply involved a matter of financing between the mortgage company and the trustee for the bond-holders.

Holding, as we do, that the contract is not usurious, the assignments of error urged by appellants are sustained; that is, we thing the court erred in not instructing a verdict for appellants at the conclusion of the evidence, and failing in this respect, erred in not sustaining their motion for judgment *non obstante veredicto,* therefore the judgment below in favor of the First National Bank in Dallas is affirmed, the judgment in favor of appellee against appellants is reversed and judgment is here rendered that she take nothing against appellants by her suit; that appellant Slay recover judgment on his cross action against appellee for the balance due on the loan contract, including interest and attorney fees with foreclosure of the lien of the trust deed upon the land involved, as prayed; that the judgment below in favor of Slay against appellants— Federal Mortgage Company, Equitable Trust Company, and the Guilford Mortgage Company—and each of them, be reversed, and that Slay take nothing on his cross action against said appellants; and appellee is adjudged to pay all costs incurred in this court and in the court below.

Reversed and rendered.