357, 18 S.W. 437; Brooks v. Hornbeck (Tex.Civ.App.) 274 S.W. 162; Rigby v. Gaines (Tex.Civ.App.) 6 S.W.2d 422."

The effect of the holding of the Court of Civil Appeals in James v. Meredith, supra, is that the act of employing a person, and putting him to work in operating a machine unprotected by guards, with knowledge of his inexperience, constitutes an affirmative act of negligence, and, therefore, constitutes a "trespass" within subdivision 9 of article 1995, Revised Civil Statutes, which will justify the maintenance of a suit for personal injuries in the county in which the injuries were received. When we apply the foregoing holding of the Court of Civil Appeals in this instance to the pleadings and evidence, the substance of which we have already stated, it clearly appears that the holding of that court is in conflict with the opinions of this court and opinions of other courts of civil appeals upon that question.

If the Court of Civil Appeals will reverse its holding in this case and follow the decisions of this court in Ricker et al. v. Shoemaker, 81 Tex. 22, 25, 16 S.W. 645, and Connor v. Saunders, 81 Tex. 633, 17 S.W. 236, as interpreted by this opinion, the writ of mandamus is denied. Should it adhere to its present holding, the writ of mandamus is granted, and the Court of Civil Appeals is directed to certify to this court for decision the question of law which, as pointed out in this opinion, is in conflict.

M. M. Crane, M. M. Crane, Jr., Vaughan & Work, and Robert M. Vaughan, all of Dallas, as amici curiæ.

MARTIN, Commissioner.

This is a usury case. The precise contract before us has already been the subject of opinions by three different Courts of Civil Appeals. See Bohannan v. First National Bank, 85 S.W.2d 989, Federal Mortgage Co. et al. v. Hawkins, 95 S.W. 2d 744, and Federal Mortgage Co. et al. v. Davis, 100 S.W.2d 717. It is our opinion that the Dallas Court of Civil Appeals in the present case correctly held the contract untainted by usury. Federal Mortgage Co. v. Davis, supra. To here restate and rediscuss a question already plainly and correctly decided would be to burden the bench and bar with a wholly unnecessary opinion.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court.

**RECONSTRUCTION FINANCE CORPORATION v. GOSSETT, Banking Commissioner, et al.**

**No. 7302.**

Supreme Court of Texas.

Jan. 12, 1938.

**Agnes C. DAVIS, Plaintiff In Error, v. FEDERAL MORTGAGE COMPANY et al., Defendants in Error.**

**No. 7234.**

Supreme Court of Texas.

Jan. 12, 1938.

Lyle Saxon and J. E. Burkholder, both of Dallas, for plaintiff in error.

George T. Burgess, Thompson, Knight, Baker & Harris, and John F. Murphy, all of Dallas, for defendants in error.

