## USTICK v. JONES et al.
### No. 13145.

Court of Civil Appeals of Texas. Fort Worth.
April 5, 1935.

Rehearing Denied May 3, 1935.

Bryan, Stone, Wade & Agerton, J. B. Wade, and Oliver W. Fannin, all of Fort Worth, for appellant.

J. R. Wilson, of Wichita Falls, and A. J. Clendenen, of Fort Worth, for appellees.

LATTIMORE, Justice.

The plea of usury is presented in this appeal.

Appellees executed a note which, so far as here pertinent, promised to pay "the sum of Four Thousand Three Hundred Fifty & No/100 Dollars, with interest from date hereof at the rate of ———— per cent per annum, payable monthly. The principal and interest of this note shall become due and payable in 120 equal monthly installments of Fifty Six & 55/100 ($56.55) Dollars, each, payable on the first day of each month, beginning on May 1st, A. D. 1927, and continuing one installment on the first day of each month thereafter until this note and all amounts due and to become due hereon, as well as any and all amounts due and to become due under the deed of trust securing this note, shall have been fully paid. * * * Out of said monthly payments any monthly interest payable shall first be paid, being applied as of the first day of the month in which same are entitled to be credited according to the foregoing terms hereof, and the remainder not necessary to discharge such interest shall be applied on the 1st day of the month of April of each year to the reduction of principal. * * * All past due installments or other amounts due hereon shall bear interest from date when same should have been paid at the rate of ten per cent per annum. And if any amount payable hereunder be not promptly paid when due, and default be made in monthly payment thereof, then the holder hereof shall have the option to declare the entire principal amount of the indebtedness evidenced hereby immediately due and payable."

The 120 payments of $56.55 make a total of $6,786 which appellee was bound to pay to satisfy this note in ten years. Thus $2,436 represents interest. A statement of the rate of interest was purposely omitted from the note. There are in the record elaborate schedules testified to by witnesses in the trial court by which appellant insists he has shown that if the payments were applied monthly as received to accrued interest and the remainder upon the principal, and the next month's interest computed upon the unpaid balance of the principal, the interest rate is 9.615 per cent., and appellee likewise insists that their schedules show that proper computation shows the rate to be in excess of 10 per cent.

We shall not tax our time and patience to the tedious decision of this issue for the reason that we believe it unnecessary. Let us assume that appellant's estimate of 9.615 is correct. The note requires the appellee to make monthly payments to appellant toward satisfaction of the principal. These payments are to be held by appellant until the following April 1st, and then applied toward the payment of the principal and thereafter the accrued interest is to be computed upon the balance of such principal as is unpaid on April 1st after such payment. If any of these monthly payments are not paid when due, such bears interest at 10 per cent. per annum from the due date. It is within the law to

charge interest on past-due interest, but appellant by the above provision could charge interest twice on the same principal contingent only on the debtor's default. The debtor pays interest monthly on the principal balance of the previous April 1st; he also pays a monthly amount to the creditor, who holds those principal payments until the following April without allowing the debtor any credit therefor on the amount of principal upon which the monthly interest is to be computed up to such April 1st. But if the debtor fails to make such monthly payments to be later credited on the principal, such monthly payment bears 10 per cent. interest from maturity. Thus, as to such past-due payments, the debtor would pay 19.615 per cent. For example, use the fifth year of the loan: If the monthly payments upon principal were credited thereon and the next month's interest was computed only on the balance thereafter—which is not the method set out in the note but is the most favorable to appellant to defeat usury—then at the beginning of such fifth year the balance of the principal would be $3,127.73. Suppose no payments were made until the end of that year, at which time appellant should pay all 12 installments of $56.55 at once, then he would be required to pay $18.69 as interest on the delinquent principal portion of such payments. This added to $298.72, representing interest on the whole principal, makes $317.41 interest for one year, being more than 10 per cent. While the exact amount varies from year to year, it is none the less true that if the debtor had again defaulted on the following month and had suffered then an acceleration of his loan as provided in the note, he could have, by the terms of the note, been compelled to pay more than 10 per cent. per annum interest. Suppose he paid nothing, then at the end of the ten years he would owe the $6,786, which is the principal with 9.61 per cent. interest, and would also owe interest on $4,350 at 10 per cent. from its various monthly installment due dates, which equal 10 per cent. on the whole principal for five years and fifteen days, or slightly more than 5 per cent. for the entire ten years, which would make an average interest rate on the whole principal of a fraction more than 14.61 per cent. when added to the 9.615 per cent. This is squarely within the language of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 283, 39 S.W. (2d) 11, 84 A. L. R. 1269, where it is said:

"Regardless of results in the event the debtor should discharge every promised annual installment of interest at or before maturity, it is too plain for dispute that this contract, on the face of the writings, entitles the creditor, at its option, on failure of the debtor to discharge certain annual installments of interest, to enforce collection from the debtor of a sum amounting to more than the $4,200 loaned with interest thereon for the term of the loan at the rate of 10 per cent. per annum. This results from the stipulations of the writings whereby such failure, at the creditor's election, shortens the term of the loan and increases the amount of the debtor's obligation. * * *

"So, the vice in the contract now under consideration is that the acceleration clauses impose on the debtors a charge, enforceable at the creditor's option, in excess of the maximum permitted in this state."

We are conscious of the serious question involved in the fact that even if the debtor pays all his payments promptly, the creditor has in his hands for eleven months of each year varying portions of the principal upon which the debtor is paying interest by the terms of the note but which the debtor is required by such note to deliver to the principal, but, as above said, the determination of whether the addition of the interest on such principal detained by the creditor to the interest paid would make the interest on the principal detained by the debtor usurious, involved an extensive mathematical calculation which we do not find it necessary to make, since, independently thereof, the note is usurious.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellees cite Braniff Inv. Co. v. Robertson, 81 S.W.(2d) 45, by our Supreme Court (not yet published [in State Report]). That opinion holds that a note set up like this one at bar, in so far as the interest being computed into the installments agreed on without any rate of interest being stipulated, is saved from usury by a provision of the deed of trust that upon acceleration, the payments shall be applied to accrued interest at 10 per cent. as of the date of payment and the balance to the payment of principal. The obligation involved in this case has no such saving clause.

We regard the Braniff opinion as authority for our decision, in that it held that except for such saving clause, the note would have been usurious.

The motion is overruled.