W. Lee Ustick v. Lawrence E. Jones et al.

No. 6959.   Decided January 26, 1938.
(112 S. W., 2d Series, 703.)

*Bryan, Stone, Wade & Agerton,* of Fort Worth, for plaintiff in error.

The provisions of the note being susceptible of the construction that if monthly payments are not paid that part of said installments to be applied on principal shall bear interest after said due date at the rate of ten per cent. per annum in lieu of the rate contracted to be paid on principal amount if no default is made in the payments, the contract would not be usurious. Walker v. Temple Trust Co., 124 Texas 575, 80 S. W. (2d) 935; Burnette v. Realty Trust Co., 74 S. W. (2d) 536; Dugan v. Lewis, 79 Texas 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332.

*A. J. Clendenen,* of Fort Worth, and *J. R. Wilson,* of Wichita Falls, for defendants in error.

The contract in question is usurious in that a greater rate of interest than ten per cent. per annum is authorized to be charged and collected during the term of the loan, and if the contract should become delinquent, the lender, without exercising his option to accelerate the maturity date, could sit idly by and charge and collect more than ten per cent., even approximately nineteen per cent., as interest. Galveston & H. Inv. Co. v. Grymes, 94 Texas 609, 64 S. W. 778; Shropshire v. Commerce Farm Credit Co., 120 Texas 400, 39 S. W. (2d) 11; Bothwell v. Farmers & Merchants State Bank & Trust Co., 120 Texas 1, 30 S. W. (2d) 291.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

W. L. Ustick filed this suit against Lawrence E. Jones and others seeking recovery on a note and foreclosure of the deed of trust security. Defendants plead by way of offset that the note was usurious and that they had made usurious interest payments which, in addition to the principal payments theretofore made, should be deducted from the principal sum borrowed and accrued interest, and prayed judgment accordingly. Upon trial before the court without a jury the plea of usury was sustained, and judgment was rendered for plaintiff with foreclosure for the balance of the principal unpaid after deducting not only the principal payments alleged but interest payments as well. The Court of Civil Appeals affirmed the judgment. 81 S. W. (2d) 205. The question as to whether the loan contract is usurious is the sole question presented.

The note, deleted as to provisions not pertinent here, reads:

"I, * * * promise to pay * * * the sum of Four Thousand Three Hundred Fifty & No/100 Dollars, with interest from date hereof at the rate of————per cent per annum, payable monthly. The principal and interest of this note shall become due and payable in 120 equal monthly installments of Fifty Six and 55/100 ($56.55) Dollars, each, payable on the first day of each month, beginning on May 1st., A. D. 1927, and continuing one installment on the first day of each month thereafter until this note and all amounts due and to become due hereon, as well as any and all amounts due and to become due under the deed of trust securing this note, shall have been fully paid. * * * Out of said monthly payments any monthly interes' payable shall first be paid, being applied as of the first day of the month in which same are entitled to be credited according to the foregoing terms hereof, and the remainder not necessary to discharge such interest shall be applied on the 1st day of the month of April of each year to the reduction of principal. * * * All past due installments or other amounts due hereon shall bear interest from date when same should have been paid at the rate of ten per cent per annum. And if any amount payable hereunder be not promptly paid when due, and default be made in monthly payment thereof, then the holder hereof shall have the option to declare the entire principal amount of the indebtedness evidenced hereby immediately due and payable."

The deed of trust contains no provisions that are at variance with those of the note, and will not be set out. The provisions of the contract, together with the calculations made and applied according to its provisions, discloses that the total amount of interest paid during the loan period when paid without default,

is $2,436.00, being the difference between 120 payments of $56.55 each and $4,350.00, the principal of the loan.

It is necessary to an understanding of the questions involved that the plan upon which the loan contract is built be understood, and as an aid thereto certain schedules set out in the statement of facts will be briefly analyzed.

The first schedule shows by its first column of figures the principal of the loan, $4,350.00, reduced consecutively by 120 applications of the agreed monthly installments, $56.55. The manner of prorating the installments as to principal and interest portions respectively, and the manner of applying such portions to a reduction of the loan and liquidation of the accrued interest thereon, is shown by the second and third columns. The interest rate employed in making this schedule is 9.615 per cent. per annum. That part of the schedule covering only the first and last years of the loan period is as follows:

|  | Principal | Interest |
|---|---|---|
| "4,350.00 | | |
| 4,328.51 | 21.69 | 34.86 |
| 4,306.45 | 21.86 | 34.69 |
| 4,284.41 | 22.04 | 34.51 |
| 4,262.19 | 22.22 | 34.33 |
| 4,239.79 | 22.40 | 34.15 |
| 4,217.21 | 22.58 | 33.97 |
| 4,194.45 | 22.76 | 33.79 |
| 4,171.51 | 22.94 | 33.61 |
| 4,148.38 | 23.13 | 33.42 |
| 4,125.07 | 23.31 | 33.24 |
| 4,010.57 | 23.50 | 33.05 |
| 4,077.88 | 23.69 | 32.86 |
| * * * | * * * | * * * |
| 595.61 | 51.37 | 5.18 |
| 543.83 | 51.78 | 4.77 |
| 491.64 | 53.19 | 4.36 |
| 439.03 | 52.61 | 3.94 |
| 386.00 | 53.03 | 3.52 |
| 332.54 | 53.46 | 3.09 |
| 278.65 | 53.89 | 2.66 |
| 224.33 | 54.32 | 2.23 |
| 169.58 | 54.75 | 1.80 |
| 114.19 | 55.19 | 1.36 |
| 58.76 | 55.63 | .92 |
| 22.68 | 56.08 | .47 |
| | 4,347.31 | 2,438.69" |

It will be observed that the total amount of interest calculated upon a loan exemplified by the foregoing schedule is $2,-438.69, a sum in excess of the interest required in the present contract by $2.69. It will be observed also that this is the exact amount—lacking one cent,—of the principal of the loan that is not liquidated by the 120 payments. It is therefore obvious that the rate (9.615 per cent. per annum) employed in building the contract exemplified is not the rate employed in building the present contract. The schedule must be rejected as an exemplification of the present contract for another and better reason. The new balance upon which interest is computed for the succeeding loan period is ascertained monthly instead of yearly as required in the present contract. It is obvious for the same reasons stated with respect to the first schedule that the contract exemplified must be rejected as showing, or even indicating, that the present contract is usurious.

The next schedule shows the results of the calculations covering the entire ten year period. It discloses that the calculations upon which it was computed and compiled were so made and compiled as to exemplify with exactness the present contract. According to this schedule only the portions of the installments necessary to liquidate the interest accrued each month are credited monthly. The respective remainders of the installments, while paid monthly, are withheld from credit until the end of the contract year (April 1st) and then credited in the aggregate. That part of the schedule covering the first year of the loan period, the fifth year and the first line of the sixth, and the last year of the period, is as follows:

| | Principal | Interest |
|---|---|---|
| "4,350.00 | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| | 23.83 | 32.72 |
| 4,064.04 | 285.96 | 392.64 |
| * * * | * * * | * * * |
| 3,041.76 | 33.67 | 22.88 |
| | 33.67 | 22.88 |

|  |  |  |
|---|---|---|
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 33.67 | 22.88 |
|  | 404.04 | 274.56 |
| 2,637.72 | 36.71 | 19.84 |
| * * * | * * * | * * * |
| 622.44 | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 51.87 | 4.68 |
|  | 622.44 | 56.16" |

It is subject to verification by simple but tedious mathematical operations that the interest rate upon which the foregoing schedule is built is 9.026 per cent. per annum.

The plan exemplified by the third schedule is similar to that exemplified by the first with but one exception. The interest rate employed is ten per cent. per annum instead of 9.615 per cent. That part of the schedule covering only the first and last years of the loan period is as follows:

| "4,350.00 | Principal | Interest |
|---|---|---|
| 4,320.70 | 20.30 | 36.25 |
| 4,309.23 | 20.47 | 36.08 |
| 4,288.59 | 20.64 | 35.91 |
| 4,267.78 | 20.81 | 35.74 |
| 4,246.80 | 20.98 | 35.57 |
| 4,225.64 | 21.16 | 35.39 |
| 4,204.30 | 21.34 | 35.21 |
| 4,182.70 | 21.51 | 35.04 |
| 4,161.10 | 21.69 | 34.86 |

| | | |
|---|---|---|
| 4,139.23 | 21.87 | 34.68 |
| 4,117.17 | 22.06 | 34.49 |
| 4,094.93 | 22.24 | 34.31 |
| * * * | * * * | * * * |
| 767.07 | 49.74 | 6.81 |
| 716.91 | 50.16 | 6.39 |
| 666.33 | 50.58 | 5.97 |
| 615.33 | 51.00 | 5.55 |
| 563.91 | 51.42 | 5.13 |
| 512.06 | 51.85 | 4.70 |
| 459.78 | 52.28 | 4.27 |
| 407.06 | 52.72 | 3.83 |
| 353.90 | 53.16 | 3.39 |
| 300.30 | 53.60 | 2.95 |
| 246.25 | 54.05 | 2.50 |
| 191.75 | 54.50 | 2.05 |
| | 4,158.25 | 2,627.86" |

It appears from the first and third schedules that neither exemplifies the present contract, and that neither establishes that the present contract is usurious.

It appears from the second schedule that it exemplifies a contract the provisions of which comport with the following stipulations: The maker of the note promises to pay by the month the sum of $4,350.00 with interest from the date thereof "at the rate of———per cent per annum in 120 equal payments of $56.55 each; that out of said monthly payments the *monthly* interest payable shall first be paid and applied as of the first day of the month in which same are entitled to be credited, and the remainder not neecssary to discharge such interest shall be applied on the first day of the month (April) of each *year* to the reduction of the principal." Such in brief are the stipulations of the contract.

■■ The trial court found that the note does not provide an interest rate and the Court of Civil Appeals found that "a statement of the rate was purposely omitted from the note." The stipulation referring specifically to the rate is that the amount of the loan will be paid "with interest at the rate of———per cent per annum, payable monthly" which, together with the other provisions of the note above set out, supplies the facts and figures from which the rate may be ascertained. Whether the rate was stated in terms or was purposely omitted is immaterial so far as the question of usury is concerned, since under our usury statutes and settled legal principles applicable to the law of contracts the problem of ascertaining the agreed rate is

purely one of mathematics, a logarithmic process, or an exemplification process by the use of schedules. Braniff Inv. Co. v. Robertson, (Com. App.) 124 Texas 524, 81 S. W. (2d) 45, 100 A. L. R. 1421; Federal Mortgage Co. et al. v. Davis et al., (Com. App.) opinion adopted by the Supreme Court*, 111 S. W. (2d) 1066. Nor can evidence relating to the manner of the holder's entering the credits on the back of the note be looked to as contended for by defendants, in determining what the contract was, or the agreed rate, when the provisions of the contract are clear. No more apt statement is made in any of the cases in this connection than in the Federal Mortgage Company case, supra, in which Judge LOONEY says:

"A loan contract can not be considered a scheme, device, or subterfuge set up for the purpose of collecting usurious interest, unless the borrower is required, or in a named contingency may be required, to pay more than 10 per cent. per annum for the use of money borrowed; * * * conduct of the Mortgage Company * * * can not be given the effect of transforming a legal into an illegal contract, because illegality (usury), if it exists at all in a contract, must be inherent from its inception."

■ The 120 payments when made without default exactly liquidate within the time and in the manner provided by the present contract the principal ($4,350.00) and interest ($2,436.00) agreed to be liquidated and discharged (the total sum of $6,786.00). Since the second schedule was computed and compiled upon a rate of 9.026 per cent. per annum, and since it exemplifies in every detail a contract which comports with the present contract, it necessarily follows that the agreed rate indicated in the note in blank upon which the present contract was built, is 9.026 per cent. per annum.

The Court of Civil Appeals in concluding that the contract in the present case is usurious, says:

"The 120 payments of $56.55 make a total of $6,786.00 which appellee was bound to pay to satisfy this note in ten years. Thus $2,436.00 represents interest. * * * Let us assume that appellant's estimate of 9.615 is correct. * * * it is within the law to charge interest on past due interest but appellant by the above provision could charge interest twice on the same principal contingent only on the debtor's default. The debtor pays interest monthly on the principal balance of the previous April 1st; he also pays a monthly amount to the creditor, who holds those principal payments until the following April without allowing the debtor any credit therefor on the amount of principal upon

---

*Will be reported in 131 TEXAS.

which the monthly interest is to be computed up to such April 1st. But if the debtor fails to make such monthly payments to be later credited on the principal, such monthly payment bears 10% interest from maturity. Thus, as to such past due payments, the debtor would pay 19.615%."

It is not necessary to include in the foregoing excerpt the example used by the court with respect to the fifth year of a contract in which the balance of the principal at the beginning of such year is stated as $3,127.73, and the interest for that year is stated as $298.72. These figures are referable to the third schedule, which purports to exemplify a contract built upon a ten per cent. rate. The construction of the contract, however, as reflected in the excerpt will be discussed and analyzed.

It will be observed that the Court of Civil Appeals so construes the contract as to authorize the holder of the note to exact interest from the debtor twice on the same previous principal balance in the event he *does not exercise his option to mature same*. It is construed as usurious but not on account of the stipulation authorizing the holder to accelerate payment in case of default. It is conceded that such action on the part of the holder would result simply in maturing the principal of the debt and terminating the contract. The holding is predicated upon the contingency that the holder of the note may elect upon the debtor's default *not to exercise his option to mature* and thereby terminate the contract, or may elect to permit the delinquency to continue; and the conclusion is reached that the holder is placed in position, when the latter election is made, to exact interest from the debtor twice, once upon the previous principal balance computed at the end of the year, or at the end of the loan period as the case may be, at the agreed rate of 9.026 per cent per annum, and again upon the *same* balance for the same length of time computed at the rate of ten per cent. per annum, thus making in all a rate of 19.615 per cent. at which it is possible for the holder under such election to exact interest from the debtor.

The contract is not subject to such construction. It will be noted from the second schedule that the total amount to be liquidated in ten years is $6,786.00, that the total amount to be liquidated during the first year period is $678.60, and that the monthly amount necessary to be paid is $56.55. The amount of interest on the principal ($4,350.00) necessary to be paid for the period calculated at 9.026 per cent. per annum is $392.64. The amount of interest necessary to be paid monthly during the period is $32.72. The total amount of principal remaining to be liquidated during the period by application of the respective

monthly interest portions is $285.96. The amount of principal necessary to be paid monthly is $23.83.

It will be noted that the total amount of principal for the period, *while required to be paid monthly, is required to be applied to a reduction of the previous balance yearly*. It will be noted also that there is no provision in the contract whereby the holder of the note may exact interest at a rate *in addition to* any other rate. The provisions negative the possibility of duplication of rate. The added compensation in case of default is by way of an increase of the agreed rate, not the addition of another. It will be noted also that a monthly payment contains principal and interest in the same proportion as contained in the previous balance, and that when any payment is made the principal balance is reduced *at the time of payment* by the amount of principal paid, whether paid at the time it is due or when past due; and the amount of interest payable on such principal is determined by whether paid when due or when past due. The result of applying the twelve payments of the first period is to wipe out *consecutively, as paid,* the respective interest portions (total $392.64) contained in said total sum, and to reduce *at the end of the year* the previous principal balance by the sum of the total amount of the twelve principal portions, to-wit, the sum of $285.96. It will be noted finally that the ratio of the principal to the interest portion of the monthly payment does not change during any period of the loan, but is not uniform throughout the entire loan period, changing only with each succeeding period; further that the rate upon which the contract is built is uniform and continues without change throughout the entire ten year period, *unless in case of default*. Here arises the first and only necessity to incorporate in the loan contract a stipulation to safeguard it from the taint of usury.

The stipulation of the present contract designed for that purpose read:

"Out of said monthly payments any monthly interest payable shall first be paid, being applied as of the first day of the month in which same are entitled to be credited according to the foregoing terms hereof, and the remainder not necessary to discharge such interest shall be applied on the 1st day of the month of April of each year to the reduction of principal. * * * All past due installments or other amounts due hereon shall bear interest from date when same should have been paid at the rate of ten per cent per annum."

The conclusion reached by the Court of Civil Appeals that the holder of the note by electing in the event of default not to

exercise his option to mature could thereby exact interest from the debtor twice upon the same principal balance, is erroneous.

The holder of the note, when the debtor *has paid* all installments payable during the first pear period of the loan without default, will have received principal and interest in the sum of $678.60. Clearly there is in such event no duplication either of principal or interest. The principal of the loan will have borne interest at the agreed rate of 9.026 per cent. per annum, and no other rate will have become operative since no default occurred. If no default occurs during the entire period of the loan then the total sum that will have been paid by the debtor is the amount of the principal in the sum of $4,350.00 and in addition thereto the agreed interest compensation in the sum of $2,436.00. The twelve monthly payments will have terminated a loan transaction complete within itself. The transactions of the parties proceed from that point and throughout the succeeding period with a reduced balance but with a different ratio existing between the interest and principal portions of the agreed installment. Each loan period is but a miniature of the entire period, and it is necessary, regardless of what period subsequent to the first is used for purposes of demonstration, to treat the unpaid balance at the beginning of the period as a new loan contract. The amount payable in each period is the same, to-wit, the sum of $678.60.

The error of the Court of Civil Appeals lies in the fallacy of treating the installments paid, as both paid and unpaid and delinquency as having been created without default in payment. The contract provides that *at the end of the year* the total sum of the installments shall be applied as a credit upon the principal balance of the previous year. In such event, the installments *having been* paid, there are no past due installments to bear interest at the rate of ten per cent. per annum. If at the end of the year the installments *have not been paid,* then all are past due, and the previous balance will have borne interest for an entire year at the rate of ten per cent. Only two rates enter into the making of the contract, that which governs as to payments made without default, and that which governs as to payments made *when past due.* Every payment made during the entire loan period is by the provisions of the contract necessarily made either without default or when past due. Both rates can not operate simultaneously upon the same principal balance, and the holder of the note by failing to exercise his option to mature does not thereby place himself in position to exact interest from the debtor by a duplication of rates.

The Court of Civil Appeals states in concluding its opinion

that under the terms of the contract the holder of the note has in his hands for eleven months of each year varying portions of the principal which he receives monthly from the debtor but does not apply as a credit until the end of the year, and states in this connection that it does not find it necessary to determine whether "the addition of the interest on such principal detained by the creditor to the interest paid" would make the contract usurious, since it had determined, "independently thereof, that the note is usurious." It is further pointed out that such determination would involve extensive mathematical calculations which it found it unnecessary to make.

In the light of the holding upon the question discussed it is unnecessary to discuss at any length the question stated. The analysis of the holding of the Court of Civil Appeals already made demonstrates not only that the holder of the note is not authorized to exact interest from the debtor twice upon the same principal, regardless of whether he elects to exercise his option upon default to mature the debt, or elects to permit the loan to continue in a delinquent status. Whether all or fewer than all of the payments are paid when due, and the remainder when past due, there can be no duplication of rate, or an increase of the rate upon any unpaid principal balance above ten per cent. Only that which is paid has borne interest, and the interest in every payment liquidates itself when paid. At the end of the period during which fewer than all of the payments are paid only such principal portions thereof which have been paid when due will have borne interest. Being paid *when* due such portions of principal will have borne interest at the agreed rate of 9.026 per cent. per annum. The principal portions of the installments which have not been paid will not have been "detained by the creditor." When thereafter paid, the only interest that the holder of the note can then exact is interest on such unpaid portions from the times respectively "when same should have been paid at the rate of ten per cent. per annum."

Defendants seek by the use of schedules other than those set out above to demonstrate that the present contract is usurious. It is unnecessary to make reference to these further than to point out that the plan of ascertaining the balances monthly rather than yearly was employed, or a plan of using a different rate for each separate yearly period was employed instead of a single rate uniform throughout the entire loan period.

Defendants appear to rely largely upon Galveston & H. Inv. Co. v. Grymes, 94 Texas 609, 64 S. W. 778, in which it is held that the contract was such that the borrower and lender agreed that 1/120th part of the principal and a like fractional amount

of the interest would be paid each month. Clearly the contract in the present case does not so provide. Its provisions are such in effect as to negative an agreement to pay a fixed fractional part of either principal or interest monthly for the reason already noted that the ratio of principal to interest changes with each succeeding period and the agreed rate remains uniform throughout the entire loan period.

Only the question of usury is presented. The parties are in agreement as to the other matters involved. The contract, it has been demonstrated, is not usurious, and in determining upon the trial the balance due plaintiff no deduction from the debt established should be made except in the manner herein indicated.

The judgments of the trial court and Court of Civil Appeals are reversed and the case is remanded to the trial court for entry of judgment for plaintiff upon another trial in accordance with this opinion.

Opinion adopted by the Supreme Court January 26, 1938.