**David TOWNSEND, Sr., Appellant,**

v.

**Jack ADLER et al., Appellees.**

**No. 997.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 15, 1974.

Kenneth Franklin, Houston, for appellant.

Jon Mercer, Houston, for appellees.

CURTISS BROWN, Justice.

This is a suit on a promissory note.

Appellant David Townsend, Sr., brought this action on a note executed by appellees Jack Adler and Lona Niedert. Trial was to the court, which entered judgment that Townsend take nothing.

Appellees gave Townsend their note for $4,000 due in one year without interest. It is undisputed that Townsend gave them only $3,000. He testified that he intended to receive the $1,000 in return for the use of his money. Appellees affirmatively pleaded usury as a defense to the action.

Vernon's Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (1971) provides in part as follows:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; . . . .

The maximum rate of annual interest for this transaction is set in Tex.Rev.Civ.Stat. Ann. art. 5069–1.02 (1971) as ten percent. The effective rate of annual interest in the note in this case is thirty-three and one-third percent. There was no showing of a bona fide error, and Townsend stated affirmatively that he intended to receive the $1,000.

Because the interest charged is more than double the legal rate, Townsend must forfeit all recovery on the note. Appellant urges a vague theory of equity citing cases from other jurisdictions. See 91 C.J.S. Usury § 72b (1955). Although it appears that Townsend was ignorant of the usury laws when he made the loan, it is clear that he intended to make the bargain which he made. While we appreciate the harsh result brought about by our statute, we are not at liberty to disregard its clear mandate.

Affirmed.