STATE of Texas, Appellant,

v.

PACIFIC FINANCE LOANS, Appellee.

No. 10797.

Court of Civil Appeals of Texas.

Austin.

June 22, 1960.

On Motion for Rehearing July 13, 1960.

Will Wilson, Atty. Gen., Fred B. Werkenthin, R. V. Loftin, Jr., Asst. Attys. Gen., for appellant.

William F. Robinson, Hugh M. Foster, Jr., Los Angeles, Cal., Vinson, Elkins, Weems & Searls, Leroy Jeffers, Houston, Irion, Cain, Cocke & Magee, Dallas, R. Dean Moorhead, Austin, for appellee.

ARCHER, Chief Justice.

This suit was originally brought by the State of Texas under the provisions of Article 4646b, Vernon's Ann.Civ.St., which empowers the Attorney General to bring suits to enjoin the collection of usurious interest by habitual lenders. Usurious interest is defined as interest greater than 10% per annum. It reaches this Court as an appeal from a judgment of the 98th District Court denying the permanent injunction sought by appellant. The prime if not the controlling issue in this case is the constitutionality of Article 1524a–1, V.A.C.S. (Acts 52nd Leg., 1951, ch. 472, p. 832) which purports to authorize the plan of lending utilized by appellee, known commonly as the Certificate Plan of lending.

The appeal is founded on twelve points assigned as error by the Trial Court in concluding that appellee has not engaged in habitually loaning money on which usurious interest has been collected, and that the overwhelming preponderance of the evidence showed to the contrary, in concluding that appellee has the lawful right to sell its certificates in accordance with its plan of operation, in refusing to make findings on the issue of whether or not the execution of the note and the Class B certificate are one transaction, absent any consideration of Article 1524a–1, in refusing to make findings on the issue of whether or not under the certificate plan, the monthly payments on the Class B investment certificate actually constitute repayment of money loaned, in refusing to make findings on the question of whether or not, under the certificate plan, defendant is engaged in habitually loaning money on which usurious interest is charged, in concluding that Article 1524a–1 is constitutional, in finding that defendant attempts to make certificate plan loans on all loans up to $1,500 but if a borrower objects to such a loan, and otherwise qualifies, an installment loan will be made, in finding that defendant's borrowers are not always informed that both types of loans are made, in finding that borrowers are not always informed that they may select either a certificate or an installment loan, in concluding that the defendant could not have a wrongful intent

to charge usury and finally in refusing the permanent injunction.

Appellant's position is that the controlling issue is the constitutionality of Article 1524a–1, and is substantially the same as the issues presented in the cases of State of Texas v. Community Finance & Thrift Corporation and State of Texas v. Household Finance Corporation of San Antonio.

On April 6, 1960, this Court, in an opinion by Associate Justice Gray, held Sec. 1(c) of Art. 1524a–1 to be unconstitutional and void, and the cases, supra, are reported in 334 S.W.2d 559 and in 334 S.W.2d 569, respectively, and the applications for writs of error are pending.

Since we adhere to our former decisions we will not restate or discuss the issue of constitutionality of Sec. 1(c) of Article 1524a–1 or other phases of the issues which appear to be determinative by the above mentioned cases except as may be necessary for an understanding of this case.

Appellee's position in this case is that the borrower does not actually contract to pay more than 10% per annum interest, if the installment payments are treated as being paid on the shares or certificates rather than on the note, and that there is no deliberate intention nor a subterfuge to charge usurious interest existing, and that in order for this Court to reverse the judgment we must hold that it is both physically and legally impossible for the appellee to make a term loan and at the same time to sell an Installment Investment Certificate to the borrower, and regardlessly so of the fact that the borrower and the lender voluntarily entered into both separate and distinct contracts, and that the same nevertheless was as a matter of law, a scheme and subterfuge to violate the usury laws.

The Trial Court has found that on the facts regardless of Article 1524a–1 the loans in evidence were not usurious.

The State takes the position that the fact that some installment notes are made by Pacific does not in any way affect the question of whether or not Pacific collects usurious interest as a result of its certificate loans, they being all in the form of term notes and all accompanied by a corresponding subscription to a Class B Installment Investment Certificate.

Pacific Finance Loans is a Texas Corporation operating only in Texas, and is a subsidiary of Pacific Finance Corporation, a Delaware Corporation, which with its subsidiaries operates in twenty four States. The Texas Corporation makes both installment loans and loans under the Texas Investment Certificate Plan.

A certificate loan is in the form of a note, the amount of which is due at a certain date, and at the same time the borrower subscribes for a Class B Investment Certificate, payable in installments, the face amount is the same as the face amount of the note, and the certificate is assigned to the lender as security for the loan. The plan of operation is set out in full in the case of the State of Texas v. Community Finance & Thrift Corporation above mentioned and we will not further detail the operation.

In this suit the State is seeking an injunction against the certificate loan operation of appellee, and the installment loans are not involved, but the State contends that Pacific, in fact does not have a legitimate loan plan available to the borrower.

In Board of Insurance Commissioners of Texas v. Great Southern Life Insurance Company, 150 Tex. 258, 239 S.W.2d 803, 809, it was held:

"[5–7] We do not agree with respondents that we may look alone to the provisions of the individual policies to determine the nature of the insurance involved or the validity of the policies. These policies do not contain the entire contract between the parties as is required of individual life insurance policies by Article 5050. The 'control' endorsement attached to the

policies specifically provides that many of the important rights vouchsafed to the individual employee 'shall belong and be available without the consent of any other person' to Trustee 'under all of the terms and conditions of that certain pension trust agreement' heretofore described. This endorsement in itself requires a consideration of the trust agreement to determine the nature of the insurance. Furthermore, parties cannot be permitted to circumvent the plain provisions of the law by disseminating various phases and elements of their true contractual relationship into several separate written instruments. To hold otherwise would be to permit the parties to nullify the statute and destroy its purpose * * *. All of the instruments were a necessary part of the same transaction, without any one of which the transaction was not complete. It is a generally accepted rule of contracts that

'Where several instruments, executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other' * * *."

In United States v. Bethlehem Steel Corp., 315 U.S. 289, 62 S.Ct. 581, 587, 86 L.Ed 855, it was stated that a test was whether "the parties assented to all the promises as a single whole, so that there would have been no bargain whatever, if any promise or set of promises were struck out."

We believe that the certificate and the term note must be considered as one contract, and that the payments on the certificate are considered as a repayment on the note and that the operation results in the collection of usurious interest.

The judgment of the Trial Court is reversed and judgment is here rendered granting a permanent injunction enjoining appellee from contracting for collections or attempting to collect from any borrower interest in excess of 10% per annum.

Reversed and rendered.

On Motion for Rehearing

PER CURIAM.

■ All parties having requested that this cause be reversed with instructions rather than that we should render judgment, the motion for rehearing is granted insofar as we rendered judgment and this cause is now reversed and remanded with instructions to the Trial Court to enter judgment in accordance with our opinion.

Appellee's motion for rehearing is in all other respects overruled.