COMMUNITY FINANCE & THRIFT CORPORATION v. STATE OF TEXAS
HOUSEHOLD FINANCE CORPORATION OF SAN ANTONIO
v. STATE OF TEXAS.
PACIFIC FINANCE LOANS v. STATE OF TEXAS.

Nos. A-7880, A-7881, A-7999. Decided January 25, 1961.
Rehearing Overruled March 15, 1961.
(343 S.W. 2d Series 232)

*Joseph H. Louis,* of Wilmington, Del., *McGown, Godfrey, Logan & Decker, John M. McLane,* of Fort Worth, for Community Finance & Thrift Corporation; *Wm. F. Robinson* and *H. M. Foster, Jr.,* of Los Angeles, Calif., *Vinson, Elkins, Weeks & Searls, Leroy Jeffers,* of Houston, *R. Dean Moorehead,* of Austin, for Pacific Finance Loans, *Carrington, Johnson & Stephens, James E. Coleman, Jr.,* of Dallas, for Pacific Finance Loans, Petitioners.

*Will Wilson,* Attorney General, *Fred B. Werkenthin* and *R. V. Loftin, Jr.,* Assistants Attorney General, for respondent.

PER CURIAM:

These cases involve certificate loans made under and in accordance with the provisions of Article 1524a-1, Vernon's Ann. Texas Civ. Stat. The Court of Civil Appeals held: (1) that when the borrower is required to purchase an investment certificate from the lender as a condition to obtaining the loan, to pledge such certificate as security for the loan, and to make periodic payments on the certificate during the term of the loan, amounts required to be paid on the certificate are to be deemed payments on the note in determining whether the transaction violates the constitutional provision inhibiting a rate of interest in excess of ten per cent per annum, and (2) that Article 1524a-1 is unconstitutional in so far as it provides otherwise. State v. Community Finance and Thrift Corp., Texas Civ. App., 334 S.W. 2d 559; State v. Household Finance Corp., Texas Civ. App., 334 S.W. 2d 569; State v. Pacific Finance Loans, Texas Civ. App., 337 S.W. 2d 525. A majority of this Court agree with these conclusions and disapprove the contrary holdings made in Reams v. Community Finance & Thrift Corp., Texas Civ. App., 236 S.W. 2d 185 (no writ), and Steiner v. Community Finance & Thrift Corp., Texas Civ. App., 258 S.W. 2d 129 (wr. dis. agr.).

After the cases were decided by the Court of Civil Appeals, Article XVI, Section 11, of the Constitution was amended to provide:

"The Legislature shall have authority to classify loans and lenders, license and regulate lenders, define interest and fix minimum rates of interest; provided, however, in the absence of legislation fixing maximum rates of interest all contracts for a greater rate of interest than ten per centum (10%) per annum shall be deemed usurious; provided, further, that in contracts where no rate of interest is agreed upon, the rate shall not exceed six per centum (6%) per annum. Should any regulatory agency acting under the provisions of this Section, cancel or refuse to grant any permit under any law passed by the Legislature; then such applicant or holder shall have the right of appeal to the courts and granted a trial de novo as that term is used in appealing from the justice of peace court to the county court."

Petitioners contend that even if Article 1524a-1 was unconstitutional when enacted, it has now been validated by the constitutional amendment. In their briefs supporting and opposing this contention, the parties discuss the decisions bearing on the question of whether and under what circumstances an unconstitutional statute will be vitalized by a constitutional amendment. See 49 Mich. Law Rev. 645. We do not reach that question, because the statute does not purport to define interest and in our opinion cannot be regarded as an attempt by the Legislature to fix maximum rates of interest. Section 3(a) declares the intention of the Legislature "that nothing herein shall repeal, alter, or amend any of the provisions of existing laws relating to usurious interest." Articles 4646b, 5071 and 5073 were in effect when the statute was enacted. According to the terms of Article 5071, all written contracts providing directly or indirectly for a rate of interest in excess of ten per cent per annum are void and of no effect for the amount of interest only. Article 5073 authorizes a recovery of double the amount of interest paid whenever more than ten per cent is received or collected on any contract, and Article 4646b defines "usurious interest" to mean interest at a rate in excess of ten per cent per annum. These are the statutes which the Legislature declared it did not intend to repeal, alter or amend when Articl 1524a-1 was adopted.

It is clear, moreover, that the rate of interest actually charged and collected by a lender who uses the certificate loan plan will depend upon the rate of interest paid on the investment certificate and also upon whether installments on the certificate are payable weekly or monthly. Article 1524a-1 provides that the

lender may require either weekly or monthly installments on the certificate, and that the certificate shall contain such provisions as to yield, retirement, penalties, withdrawal values and obligations, as may be approved by the Banking Commissioner from time to time. If the terms of two loan transactions are otherwise the same, the net rate of interest collected by a company which pays one per cent on its certificates will be greater than that received by anothr company which pays three per cent on its certificates. The statute does not deal with these matters, and no maximum rate of interest is fixed thereby.

Petitioners' argument assumes that without establishing any ceiling on interest the Legislature may legalize a subterfuge which enables lenders to charge varying rates in excess of ten per cent per annum, but this is not so. The constitutional amendment provides that in the absence of legislation fixing maximum rates of interest all contracts for a greater rate than ten per cent per annum shall be deemed usurious. In our opinion Article 1524a-1 would be unconstitutional if adopted now before maximum rates have been fixed by the Legislature.

All motions for leave to amend or supplement the applications for writs of error in these cases are granted, and all applications are Refused. No Reversible Error.

Opinion delivered January 25, 1961.

Rehearing overruled March 15, 1961.