## H. L. FLURRY, Appellant,

v.

## HILLCREST STATE BANK OF UNIVERSITY PARK, Appellee.

### No. 7709.

Court of Civil Appeals of Texas.

Texarkana.

April 5, 1966.

Rehearing Denied April 26, 1966.

Parker McVicker, McVicker & Evans, Lufkin, for appellant.

Edward J. Drake, Brady, Drake & Wilson, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Hillcrest State Bank of University Park, sued defendant-appellant, H. L. Flurry, on the last of a series of five notes, alleging a balance still due of $6,318.00, plus 10% interest and attorney fees. According to the evidence as offered by appellee, there was only $6,311.00 due. Appellant filed a verified denial in which he alleged all the notes were usurious, and filed a cross-action. Appellant alleged that he had actually borrowed $49,002.00, and had paid back $51,948.00. He further alleged that because the notes were usurious, all the payments made should have been applied to the principal, and that appellee had been overpaid. The $49,002.00 received by appellant and the amount of $51,948.00 that he had paid to appellee on the notes were stipulated to in the trial of the case. Appellant sought judgment for the amount of $2,928.00 as the excess amount that was paid on the notes, and credited as interest. Trial was to the court, without a jury, who rendered judgment for the appellee for the sum of $6,318.00, plus 10% interest and attorney's fee. Appellant has perfected his appeal and brings forward 3 points of error.

## History

On January 5, 1960, appellant borrowed $17,502.00 from the appellee, and was required to give a note in the principal sum of $20,652.00. $3,150.00 is supposed to represent interest on the note for 36 months. The appellant was required to open an Industrial Savings Account with the appellee, agreeing to pay certain consecutive monthly deposits in said account. In the Collateral Agreement he made an Assignment of the Industrial Savings Account purportedly as further security to pay the note. Appellant also executed a Chattel Mortgage on certain laundry equipment that was situated in the City of Dallas. Appellant was required to make monthly payments or deposits of $575.00 for 35 months, and $527.00 for the 36th month. Under the facts in the case, the Note was an amortized note. Figuring the interest at 10% on $17,502.00 on this Note, the monthly payments would amount to $564.69 per month. The payments that were required in the note were in excess of the 10% that can legally be charged.

All the other Notes, Collateral Agreement and Assignment, and Chattel Mortgages contained the exact similar requirements.

On January 12, 1961, appellant borrowed $18,000.00, and was required to give a Note for $21,540.00. The Note called for monthly payments or deposits of $598.00 for 35 months and a final payment of $610.00. The $3,540.00 that was added as interest exceeds 10% per annum that could be legally charged.

On April 17, 1962, appellant renewed Notes 1 and 2. After deducting the monthly payments on each Note, he executed a new Note for $21,223.00. This Note called for monthly payments or deposits of $590.-00 for 35 months, and a final payment or deposit of $573.00. The interest on this Note exceeded 10% per annum that could be legally charged.

On April 18, 1963, appellant borrowed $13,500.00. He was required to give a Note in the face amount of $16,335.00, payable in monthly payments or deposits of $452.00 for 35 months, and a final payment or deposit of $515.00. The $2,835.00 added to this Note as interest exceeded 10% per annum that could be legally charged.

In calculating the money that was paid back on the principal of the loans there was only $12,948.00 due on July 15, 1963. On July 15, 1963, appellant executed the fifth Note as a renewal of Notes Nos. 3 and 4 in the face amount of $29,826.00. The Note reads as follows:

"INSTALLMENT NOTE
Dallas, Texas

"Date 7–15–63                                                                                  $29,826.00
Amount of Loan
Name H. L. Flurry

"_____36 months after date, without grace, for value received, I, or we, jointly and severally, promise to pay to the order of THE HILLCREST STATE BANK at its office in University Park, Dallas County, Texas, * * * P. O. Dallas, Texas the sum of Twenty-nine thousand eight hundred twenty-six & No/100 Dollars ($29,826.00) with interest from maturity at the rate of 10% per annum. We, the makers, sureties, endorsers and guarantors of this note, hereby severally waive presentation for payment, notice of non payment, protest and notice of protest and diligence of bringing suit against any party hereto, and consent that the time of payment may be extended without notice hereof to any of the sureties on this note. It is expressly agreed that if this note is placed in the hands of an attorney for collection or suit brought on same, or if collection is effected through bankruptcy or pro-

bate court, then, and in that event, we agree to pay the owner or holder of this note 10% additional on the principal and interest as attorney's fees.

The borrower having agreed to open an industrial savings account with the Hillcrest State Bank further agrees to make consecutive monthly deposits in said bank as follows:

DATE OF FIRST DEPOSIT: 8–17–1963  36 MONTHLY DEPOSITS of $828.50 EACH and a ___th and final deposit to be made on _____, 19___, in the amount of $_____. Each monthly deposit set forth above shall be due on the ___th day of each month until a fund sufficient to pay off the note shall be available. I, or we, expressly agree that upon default in making such deposits the balance of this note shall become due and payable.

If the Hillcrest State Bank elects to accept a deposit 15 or more days after its due date, then the undersigned agree(s) to pay said bank when such late deposit is made a late penalty charge of $3.50 for each monthly deposit 15 or more days past due, to defray the Bank's extra expenses in handling such delayed deposit.

| ADDRESS | PHONE | NAME |
|---|---|---|
| 6408 Prestoncrest | AD9–2204 | /s/ H. L. Flurry" |

Simultaneous with executing the above note, the appellant executed the following Collateral Agreement and Assignment:

### "COLLATERAL AGREEMENT AND ASSIGNMENT

Date                              Name _____$29,826.00

"Being desirous as are my sureties on the note mentioned hereinafter that a sinking fund be created to pay off said note at its maturity, I, the undersigned, in consideration of $1.00 cash in hand paid by the Hillcrest Stat Bank, University Park, P.O. Dallas, Texas, receipt of which is now acknowledged, and for the further consideration of said Bank's making a loan to me of $29,826.00 for 36 months, and for the further consideration of the sureties on said note signing same, do hereby open an industrial savings account with the Hillcrest State Bank and agree to make the following number of consecutive monthly deposits in the same account as follows:

DATE OF FIRST DEPOSIT: 8–17–1963   36 MONTHLY DEPOSITS @ $828.50        and a ___th and final deposit to be made on _____, 19___, in the amount of $_____. Each monthly deposit set forth above shall be due on the ___th day of each month until a sufficient fund shall have been accumulated to pay said note in full at its maturity. I hereby transfer and assign to said Bank my industrial Pass Book and my industrial savings account represented by said Industrial Pass Book, as additional collateral for said loan, and hereby authorize said Bank or its assigns to apply said funds as a credit on my said note at any time I fail or refuse to continue to make said deposits as above described, and authorize said Bank or the holder of said note, to declare said note due, and when said savings account has accumulated to the amount sufficient to pay said note and the interest

thereon, said Bank is authorized and directed to apply the proceeds of said industrial savings account to the payment of said note at its maturity.

BUSINESS ADDRESS _____ PHONE ____ NAME /s/ H. L. Flurry"

On July 18, 1963, the appellant executed a Chattel Mortgage which reads, in part, as follows:

"THE STATE OF TEXAS ⎱ KNOW ALL MEN BY THESE
COUNTY OF DALLAS ⎰         PRESENTS:

"That I, H. L. Flurry, of Dallas County, Texas, hereinafter called the Mortgagor, in consideration of the sum of one dollar to me in hand paid by Hillcrest State Bank, a corporation hereinafter called bank, and for other valuable considerations, receipt of which is hereby acknowledged, have bargained, sold and conveyed, and by these presents bargain, sell and convey unto said bank, its successors and assigns, the following described personal property, now located and situated in the County of Dallas, State of Texas, to-wit:

(Description of property omitted)

together with all of the increase of, from and to, the above described property, prior to the full payment of the indebtedness hereinafter referred to.
\* \* \*

" \* \* \*

"This conveyance, however, is intended as a mortgage to secure said bank, its successors, and assigns, in the payment of certain indebtedness due and owing by me evidenced by one certain promissory note, as follows: One note dated July 18, 1963 due in 36 equal monthly installments of $828.50. One note dated beginning August 17, 1963 for $29,826.00 and as well to secure the payment of all other indebtedness now owing said bank, and any and all indebtedness hereafter to become owing said bank, its successors, assigns or legal representative, whether evidenced by note, overdraft, or otherwise, which said indebtedness now or hereafter owing it is agreed shall be payable to the order of said bank at its office in Dallas, Texas, and bear interest at the rate of ten per cent per annum from date of accrual until paid, and the same shall stand secured by and payable under this mortgage with the other indebtedness herein mentioned. \* \* \*"

———◆———

In carefully considering each and all of the Notes, Collateral Agreement and Assignments, and the Chattel Mortgages, we hold that the Notes were payable in monthly payments. All the Notes were amortized notes. On each of said Notes the interest that the appellee could collect exceeded 10 per cent. In the Note hereinabove copied, it says: "36 months AFTER DATE, without grace, \* \* \* I, \* \* \* promise to pay to the order of the Hillcrest State Bank \* \* \*." This would indicate that the Note was payable at the end of 36 months. As we look further into the Note it says: "The borrower having agreed to open an industrial savings account with the Hillcrest State Bank further agrees to make consecutive MONTHLY deposits in said bank as follows: \* \* \*." The Note also provides that: "Each MONTHLY deposit set forth

above shall be DUE on the —— day of each month until a fund sufficient to PAY OFF THE NOTE SHALL BE AVAILABLE. * * *. The Note also provides that: "I * * * expressly agree that upon <u>DE-FAULT OF MAKING SUCH DEPOSITS</u> <u>THE BALANCE OF THIS NOTE</u> <u>SHALL BECOME DUE AND PAY-ABLE.</u>" (All emphasis added) ·

By the Collateral Agreement and Assignment, the appellee required the appellant to create a sinking fund. He executed the agreement and assignment which actually required him to make the 36 monthly deposits, or payments, on said Note. Appellant assigned his Pass Book and all interest in the Industrial Savings Account to the appellee. The Collateral Agreement provides: "I hereby transfer and assign to said bank my Industrial Pass Book and my Industrial Savings Account represented by said Industrial Pass Book, as additional collateral for said loan, AND HEREBY AUTHORIZE SAID BANK OR ITS AS-SIGNS TO APPLY SAID FUNDS AS A CREDIT ON MY SAID NOTE AT ANY TIME I FAIL OR REFUSE TO CON-TINUE TO MAKE SAID DEPOSITS AS ABOVE DESCRIBED, AND AUTHOR-IZE SAID BANK OR THE HOLDER OF SAID NOTE TO DECLARE SAID NOTE DUE, * * *." (Emphasis added). These provisions clearly indicate that the Note was payable monthly.

Then we look at the Chattel Mortgage lien. When referring to the Note, the lien provides in part as follows: "This convey-ance, however, is intended as a mortgage to secure said bank, * * * in the payment of certain indebtedness due and owing by me evidenced by <u>ONE CERTAIN PROM-ISSORY NOTE</u> as follows: One note dat-ed July 18, 1963, DUE IN 36 EQUAL MONTHLY INSTALLMENTS OF $828.-50, ONE NOTE DATED BEGINNING AUGUST 17, 1963, for $29,826.00 * *." (Emphasis added). By the actions of the appellee and the appellant, the Note was

payable in monthly payments. The provi-sion and requirements were contained in each and all of the Notes, Collateral Agree-ments and Assignments, and Chattel Mort-gage liens.

### Opinion

Appellant says the trial court erred in failing to find, as a matter of law, that the loan transactions violated the usury laws of the State of Texas, that the deposits to the industrial savings accounts were actual pay-ments on said notes, and that judgment should be rendered for appellant for the amount in excess of the principal that was paid to the appellee by appellant.

In carefully considering the rec-ord, the interest charged on the Notes is in excess of the amounts allowed by law. Art. 5071, Vernon's Ann.Tex.Civ.St. The maxi-mum amount of interest that could be charged is not to exceed 10%. The interest charged on each of the series of notes was usurious. Art. 5069, V.A.T.C.S. These articles were in force and effect at the time the loans were made, and they have not been repealed. Community Finance & Thrift Corp. v. State of Texas (Tex.1961), 343 S.W.2d 232. All money paid on the Notes should have been credited to the prin-cipal, because the interest was illegal. The meaning of the Note, the Collateral Agree-ment and Chattel Mortgage are ambiguous, but by the action taken by the appellee and in consideration of these instruments, the Notes were payable monthly, and they all called for usurious interest. Davis v. Fed-eral Mortgage Co. (1938), 131 Tex. 46, 111 S.W.2d 1066; State of Texas v. Community Finance & Thrift Corp. (CCA 1960) 334 S.W.2d 559, affirmed, 1961, 161 Tex. 619, 343 S.W.2d 232; Adleson v. B. F. Dittmer Co. (1935) 124 Tex. 564, 80 S.W.2d 939, Op. Adpt. by Sp.Ct., Moser v. John F. Buckner & Sons, (CCA 1956) 292 S.W.2d 668, W.R., N.R.E.; Federal Mortgage Co. v. Davis (CCA) 100 S.W.2d 717, affmd. 131 Tex. 46, 111 S.W.2d 1066; Kollman v. Hunnicutt (CCA 1964) 385 S.W.2d 600, N.W.H.; Fed-

eral Mtg. Co. v. State National Bank of Corsicana (CCA 1923) 254 S.W. 1002; 55 Am.Jur. 332 and 334, Secs. 14 and 15; 55 Am.J. 364, Sec. 55; 91 C.J.S. Usury § 40, p. 621; 58 T.J.2d 83, Sec. 15; 58 T.J.2d 122 and 123, Secs. 43 and 44.

We hold that all the Notes were usurious; that all money paid on the Notes should have been credited on the principal, and that the appellant is entitled to a judgment for $2,948.00. The points are sustained.

The judgment of the trial court is reversed and rendered.